Mrs. Leonarda F. Vda **DE SIBONGA,**
**Appellant,**

v.

**ADMINISTRATOR OF VETERANS AFFAIRS.**

**No. 24156.**

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 2, 1971.

Decided Feb. 28, 1972.

Petition for Rehearing Denied April 19, 1972.

Before BAZELON, Chief Judge, DANAHER, Senior Circuit Judge, and ROBINSON, Circuit Judge.

DANAHER, Senior Circuit Judge:

This appeal involves, under circumstances to be mentioned, the applicability of 38 U.S.C. § 211(a) (1958) which pertinently provided:

. . . [T]he decisions of the Administrator on any question of law or fact concerning a claim for benefits or payments under any law administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision.

In light of the "finality statute" the District Court dismissed the appellant's action for lack of jurisdiction.

This appellant's late husband, a former serviceman, died from malaria on February 11, 1945. Thereafter, the appellant, a widow as defined in 38 U.S.C. § 101(3), claimed eligibility pursuant to 38 U.S.C. § 321, to receive dependency and indemnity compensation as provided in 38 U.S.C. § 416(a) (1). Her claim for benefits was disallowed by the Administrator as of August 31, 1951 on the ground that there had been a failure to establish that the cause of her husband's death was service-connected. Her further claim was again denied on the same ground as of October 3, 1960.

On October 11, 1966 the Administrator received her letter which besought reopening of her application for dependency and indemnity compensation benefits. 38 C.F.R. § 3.105(b), Difference of Opinion, provided:

Whenever an adjudicative agency is of the opinion that a revision or an amendment of a previous decision is warranted, a difference of opinion being involved rather than a clear and unmistakable error, the proposed revision will be recommended to Central Office.[1]

Mr. Milton A. Kallis, Washington, D. C., for appellant.

Mr. Tracy J. Whitaker, Atty., Department of Justice, of the bar of the Supreme Court of Virginia, pro hac vice, by special leave of Court, for appellee. Messrs. Thomas A. Flannery, U. S. Atty., at the time the brief was filed, and Alan S. Rosenthal, Atty., Department of Justice, were on the brief, for appellee. Mr. David V. Seaman, Atty., Department of Justice, also entered an appearance for appellee.

1. And see 38 C.F.R. § 19.2(b) re administrative action on an adjudicative determination which has become final.

The Administrator decided on September 7, 1967 that the appellant was entitled to benefits effective as of that date.

Not satisfied with the scope of retroactivity thus afforded, her action in the District Court sought benefits to be related back to August 29, 1957. She has argued here, confronted by the finality statute, that she does not seek review of the decision granting the award, but rather argues that arbitrarily and erroneously the Administrator had failed to comply with the provisions of 38 U.S.C. § 3010(a) (1958). She insists that the effective date of the award should have been "fixed in accordance with the facts found," but that is not enough.

We can not fail to note that the section was amended by P.L. 87–825, approved October 15, 1962, 76 Stat. 948, and as here pertinent reads:

> Section 3010, Effective dates of awards
>
> (a) . . . [T]he effective date of an award based on an original claim, a *claim reopened after final adjudication . . . of . . . dependency and indemnity compensation . . . shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.* (Emphasis added).

The appellant further has failed to take account of applicable regulations.[2] Amended Section 3.400(h)(2) fixes the effective date of an award based upon a reopened claim as follows:

> As to decisions which have become final . . . prior to receipt of an application for reconsideration or to reopen, the date of receipt of such application or the date entitlement arose, *whichever is later.* (Emphasis added).[3]

Here, based upon a "Difference of Opinion," *supra*, "corrective action" was taken respecting the appellant's claim, previously and finally disallowed. Necessarily the Administrator's decision allowing the reopened claim fixed[4] the ef-

---

2. It seems clear enough that the pertinent regulation tracks 38 U.S.C. § 3010(a), 1962, as amended. Senate Report No. 2042 to accompany H.R. 7600 provided background for Public Law 87–825 which became 38 U.S.C. § 3010 as amended, approved October 15, 1962. The Finance Committee's explanatory statement makes clear that Congress sought "to provide uniformity by making [the effective date] applicable to reopened claims" as well as to yet other claims not here involved. Subsection (i) explained further that where a disallowed claim is reopened and allowed, "in no event . . . will an award of benefits be retroactive for more than 1 year from the date the claim was reopened. The only change effected by this section relates to the retroactive period for which benefits may be paid." Section 3010(i) refers specifically to "corrective action by competent authority." The legislative history *in extenso* appears commencing at Page 3260, Vol. 2, U.S.Code Congressional and Administrative News, and see Page 3263, *Id.*, re 38 U.S.C. § 3010, subsection (a), and Page 3265(i) as further explanatory of the Congressional purpose.

3. Pursuant to 38 U.S.C. § 210 (1958), the Administrator had been authorized to make all rules and regulations deemed necessary or appropriate to carry out the laws administered by the Veterans' Administration.

So it was that C.F.R. § 3.400(h)(2) effective as of December 1, 1962, was amended to conform to P.L. 87–825, amending Section 3010(a), text, *supra*. See F.R. Vol. 34, No. 105.

4. Appellant's reliance upon Tracy v. Gleason, 126 U.S.App.D.C. 415, 379 F.2d 469 (1967) is definitely misplaced. The Tracy facts are not even remotely comparable to those here involved. In Tracy, the Administrator as early as 1948 had awarded benefits for total and permanent disability to an incompetent veteran, adjudged insane in July 1936. In 1963, the Administrator purported to justify his discontinuance of the earlier award on the ground that the incompetent veteran had failed to answer a questionnaire concerning his income. Yet the answers to the questionnaire in the veteran's file disclosed that the incompetent had been hospitalized since 1936 and had no income. We had no difficulty in concluding that the action of the Administrator was arbitrary and capricious when the Veterans' Administration knew or was bound to know that the unfortunate veteran had been totally disabled by insanity and that the questionnaire had

fective date of the award to conform to the statute and the regulations.

So it was that the decision of the Administrator became "final and conclusive" within the meaning of 38 U.S.C. § 211(a), and the District Court correctly ruled that it lacked jurisdiction to review that decision.

Affirmed.

indeed been answered in behalf of the veteran by the superintendent of a mental hospital.

Certainly there is no "constitutional limitation on the power of Congress to make substantive changes in the law of entitlement to public benefits," Richardson v. Belcher, 404 U.S. 78, 81, 92 S.Ct. 254, 257, 30 L.Ed.2d 231 (1971). See generally, Lynch v. United States, 292 U.S. 571, 587, 54 S.Ct. 840, 78 L.Ed. 1434 (1934) and compare 38 U.S.C. § 211 as amended by P.L. 91–376, August 12, 1970, 84 Stat. 790.