**Dwayne Jonathan HILJER, as personal representative of the Estate of Mary Gregg Hiljer, Deceased, Plaintiff-Appellant,**

v.

**Harry N. WALTERS, Administrator of Veterans Affairs, Defendant-Appellee.**

No. 84–3085.

United States Court of Appeals, Eleventh Circuit.

Jan. 10, 1985.

Rehearing and Rehearing En Banc Denied Feb. 11, 1985.

Frank M. Bosworth, Jr., Clearwater, Fla., for plaintiff-appellant.

David V. Seaman, Civ. Div., U.S. Dept. of Justice, Washington, D.C., Gary J. Takacs, Asst. U.S. Atty., Tampa, Fla., for defendant-appellee.

Before GODBOLD, Chief Judge, FAY, Circuit Judge, and PECK *, Senior Circuit Judge.

PER CURIAM:

The federal courts have no jurisdiction of this claim for veteran's benefits, which, with certain exceptions, are made judicially unreviewable by the VA Finality Statute, 38 U.S.C. § 211(a). Plaintiff seeks to escape the statute by contesting the Administrator's actions in only partially retroactively applying a decision of the Veteran's Board of Appeals, alleging that he has a property interest in the benefits. Assuming without deciding that this court would recognize an exception for a constitutional challenge to VA procedures, compare *Anderson v. VA*, 559 F.2d 935, 936 (5th Cir.1977), and *Johnson v. Robison*, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974), the challenge in this instance is unavailing. The alleged property interest in the benefits would make every decision denying benefits judicially reviewable and would subsume § 211(a). *See De Sibonga v. Administrator of Veterans Affairs*, 458 F.2d 789 (D.C.Cir.1972).

AFFIRMED.

---

* Honorable John W. Peck, U.S. Circuit Judge for the Sixth Circuit, sitting by designation.