Geraldine DURANT, Plaintiff-Appellant,

v.

UNITED STATES of America, Veterans Administration and Donald Curtis, Acting Administrator, Defendants-Appellees.

No. 83–3594.

United States Court of Appeals, Eleventh Circuit.

Jan. 10, 1985.

Charles R. Colbrunn, Orlando, Fla., for plaintiff-appellant.

David V. Seaman, Civ. Div., U.S. Dept. of Justice, Washington, D.C., Kendall W. Wherry, Asst. U.S. Atty., Orlando, Fla., for defendants-appellees.

Before GODBOLD, Chief Judge, FAY, Circuit Judge, and PECK *, Senior Circuit Judge.

PER CURIAM:

As in *Hiljer v. Walters*, 749 F.2d 1553 (11th Cir.1984), decided the same date, appellant's attempt to escape the bar on judicial reviewability imposed by 38 U.S.C. § 211(a), by alleging deprivation of a property interest in the form of the benefits claimed, is unavailing.

Appellant also charges that the regulations of the VA concerning the time for filing a claim are unconstitutional. Assuming that the district court had jurisdiction to entertain this claim, *see Johnson v. Robison*, 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974), the principal basis for the constitutional claim is that it operated to deprive of benefits one who does not timely file; this is not enough. Also, the regulation is not arbitrary or unreasonable.

* Honorable John W. Peck, U.S. Circuit Judge for    the Sixth Circuit, sitting by designation.

Appellant asserts that the VA regulations at issue, 28 C.F.R. §§ 3.155(a), 3.109(b), are inconsistent with the legislative purpose of the statutory provisions concerning payment of veterans benefits. 38 U.S.C. § 3003(b). The regulations do not diminish the VA's responsibility to request further information from claimants and to help claimants complete their claims. The one-year period for submitting a formal claim is entirely consistent with Congress's direction that one year should be allowed for submission of further evidence on incomplete applications.

AFFIRMED.