779 F.2d 49
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GERALD L. BREST, Plaintiff-Appellant,
v.
B. WEISBERG, VETERANS' ADMINISTRATION, Defendants-Appellees.
 83-3684
 United States Court of Appeals, Sixth Circuit.
 10/28/85
 AFFIRMED
 N.D.Ohio
 ORDER
 
 1
 BEFORE: KRUPANSKY and MILBURN, Circuit Judges; and JOINER, Senior District Judge*.
 
 
 2
 This appeal has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the briefs filed by the respective parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Gerald L. Brest brings this appeal from the dismissal of his action contesting the reduction of his veterans' disability benefits. The appellant sustained a shrapnel injury while in active duty in South Vietnam. In May, 1970, the appellant's combined disability for the service connected injury was 70%. His condition warranted benefit payments at a 100% rate. During 1980, a program was initiated within the Veterans' Administration to re-evaluate unemploy-ability cases for veterans under sixty years of age. Brest's condition was re-evaluated in 1981, and his combined disability was reduced to 50%. Thus, the amount of his benefits was reduced. He contends his benefits were reduced solely on the basis of his activity as a founder of a divorce reform organization, Trumbull Fathers for Equal Justice. He argues that his first and fifth amendment rights are being violated.
 
 
 4
 Initially, the district court granted a temporary restraining order restoring appellant's veteran's benefits to the level he was receiving prior to the reduction. Upon the appellees' motion, however, the court ordered a stay of enforcement of that order. Thereafter, the district court entered a final order dismissing the action on the basis of lack of jurisdiction. The court found that although the appellant had initially made a viable constitutional case, submission of evidence by the appellees in their motions to dismiss showed that the appellant's claims were without factual support. Consequently, the court held that 38 U.S.C. Sec. 211(a) precluded review of the Administration's decision.
 
 
 5
 On appeal, the appellant contends that the district court erroneously dismissed the action. He argues that 38 U.S.C. Sec. 211(a) does not apply to this action because he has alleged a constitutional wrong. Further, he contends that he has stated a cause of action under 42 U.S.C. Sec. 1983.
 
 
 6
 Initially, the appellees have made a motion to exclude a portion of the joint appendix on appeal. They do not agree with the appellant's version of the 'Joint Statement of Proceedings' at page 476 of the Appendix. The appellees' motion is well-taken and their objection has been noted.
 
 38 U.S.C. Sec. 211(a) states:
 
 7
 (a) On and after October 17, 1940, except as provided in sections 775, 784, and as to matters arising under chapter 37 of this title, the decisions of the Administrator or any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.
 
 
 8
 This statute does not preclude an action challenging the constitutionality of a Veterans' Administration regulation or statute. Johnson v. Robison, 415 U.S. 361 (1974); Anderson v. Veterans' Administration, 559 F.2d 935 (5th Cir. 1977). On the other hand, allegations of constitutional infirmities in the interpretation or application of particular provisions of the act are not sufficient to avoid the bar of Sec. 211(a). Hiljer v. Walters, 749 F.2d 1553 (11th Cir.), cert. denied, 105 S.Ct. 3506 (1985); Cabiya San Miguel v. United States Veterans' Administration, 592 F.Supp. 21 (D. Puerto Rico 1984); Cieliczka v. Johnson, 363 F.Supp. 453 (E.D. Mich. 1973). In this action, Brest is not contesting the constitutional validity of the statute or regulation. He is contesting the unconstitutional application of the law. Consequently, on its face, pursuant to Sec. 211(a), review cannot be based on this type claim.
 
 
 9
 The appellant also argues he has stated a viable claim under 42 U.S.C. Sec. 1983. The appellant is precluded from arguing this issue on appeal because it was not presented to the trial court. See In Re White Motor Corp., 731 F.2d 372, 375 (6th Cir. 1985).
 
 
 10
 Even if the appellant had stated a viable constitutional cause of action, it appears his allegations are clearly without factual support. The appellee, in the district court, submitted a Veterans' Administration circular which makes it clear the appellant's case was reviewed as a part of an administration wide re-evalution. In addition, a letter to the appellant was submitted in the district court which explains that the inquiry into the appellant's activity with the Trumbull Fathers for Equal Justice group was to establish whether the appellant was employed by the group. This information was relevant in consideration of Brest's ability to earn a living. Finally, it appears the reduction of benefits was reasonably related to medical examinations and evaluations by the Veterans' Administration. The appellant submitted no rebuttal evidence which would create a question of fact concerning his constitutional claim.
 
 
 11
 Accordingly, stripped of its viability as an independent constitutional cause of action, the appellant's claim was no more than an attempt to gain review of a Veterans' Administration decision to reduce benefits. Such is precluded by 38 U.S.C. Sec. 211(a). Accordingly, the district court's judgment is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation