William HARTMANN, Joseph Bernagoz-
zi, Joseph Naples, George Agnostakios
& Charles Arnao, and "Jane Doe" and
"John Doe", who are Vietnam Veterans
(whose names are unknown) individu-
ally and on behalf of others similarly
situated, Plaintiffs,

v.

The UNITED STATES of America, the
Veterans Administration of the United
States, Harry Walters, as Administrator
of the Veterans Administration, its offi-
cers, agents, employees and all those
acting in concert with it, Defendants.

No. CV 85–2728.

United States District Court,
E.D. New York.

Aug. 14, 1985.

Solotoff & Spivak, by Lawrence Solotoff,
Great Neck, N.Y., for plaintiffs; Pegalis &
Wachsman by Harvey F. Wachsman, Great
Neck, N.Y., of counsel.

Raymond J. Dearie, U.S. Atty. by Anne
E. Stanley, Asst. U.S. Atty., Brooklyn,
N.Y., for defendants.

WEXLER, District Judge.

Plaintiffs bring this action against the
United States government, the Veterans'
Administration ("V.A."), its Administrator,
and its employees and agents. The defend-
ants will be denominated simply as the
V.A. Plaintiffs Hartmann, Bernagozzi,
and Naples are Viet Nam veterans who
earlier filed malpractice suits against the
V.A. under the Federal Tort Claims Act
alleging failure to diagnose and treat them
for filariasis.[1] Plaintiffs Agnostakios and
Arnao do not appear to have filed malprac-
tice claims and no particular factual allega-
tions are made with respect to their condi-
tion and treatment. While the complaint
clearly indicates an intention to seek class
certification for all Viet Nam veterans suf-
fering from filariasis, a formal application
for class certification has not been made or
granted. Accordingly, this is not yet a
class action.

Filariasis is a disease caused by a minute
parasitic worm endemic to parts of Viet
Nam and transmitted by certain species of
mosquito. The symptoms can be quite hor-
rible and include swelling of the lymph

---

**1.** *Benagozzi v. U.S.A.,* CV 85–1121; *Hartmann v.
U.S.A.,* CV 85–1122; *Naples v. U.S.A.,* CV 85–    1123.

glands, legs, and genitalia, joint pain, night sweats, and rashes that become so severe as to look like "chopped meat." Detection of the disease can be difficult, but is done by blood test or observation of a reaction to the drug used to treat the disease, Hetrazan.[2] Allegedly, there are World War II veterans who were treated for filariasis, and treatment with Hetrazan is neither difficult or expensive.

Plaintiffs seek mandamus, declaratory and equitable relief pursuant to 28 U.S.C. § 2201, 2202, and 1361. They allege violation of equal protection under the Fifth Amendment, and violation of the Ninth Amendment and the Veterans' Benefit Act, 38 U.S.C. §§ 601 and 5001. Plaintiffs ground jurisdiction in 28 U.S.C. § 1331 and § 1346(a)(2), and 5 U.S.C. § 702. In essence, they ask that this Court order the V.A. to provide diagnostic testing and correct treatment for filariasis in Viet Nam veterans. Plaintiffs contend that as Viet Nam veterans they are not receiving the medical care for filariasis that World War II veterans receive and that the V.A. thus violates their right to equal protection under the Constitution and their right to benefits provided by federal statute. They seek a preliminary injunction ordering the V.A. to test and treat for filariasis veterans already deemed eligible for medical care by the V.A.

Defendant opposes the grant of preliminary equitable relief and cross-moves for dismissal, asserting that this Court lacks subject matter jurisdiction. Rule 12(b)(1), Fed.R.Civ.P. Plaintiffs, in turn, contend that the Court does have jurisdiction to hear and decide their claims.

## I.

█ Congress has explicitly limited the courts' jurisdiction to review the V.A. Administrator's decisions of fact and law. As provided by 38 U.S.C. § 211:

> (a) On and after October 17, 1940, except as provided in sections 775, 784, and as to matters arising under chapter 37 of this title, the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.

Clearly, as a rule the federal courts lack the power to review the actions of the V.A.

There are, however, exceptions to the rule. In *Johnson v. Robison* the United States Supreme Court held that § 211(a) is not a bar to judicial review of constitutional claims. 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974). In that case the constitutional question before the Supreme Court was whether conscientious objectors who performed alternative service, instead of military service as draftees, were entitled to veterans' benefits. The conscientious objectors contended that to deny them benefits denied them equal protection under the law. U.S. Const. amend. V. The government argued that § 211(a) deprived the Supreme Court of jurisdiction to review the constitutionality of the statutory provisions at issue.

In rejecting the government's argument the Court concluded that Congress intended to insulate the day-to-day policy decisions of the V.A. from judicial review and identified the two primary purposes of § 211(a):

> (1) to insure that veterans' benefits claims will not burden the courts and the Veterans' Administration with expensive and time-consuming litigation, and (2) to insure that the technical and complex determinations and applications of Veterans' Administration policy connected with veterans's benefits decisions will be adequately and uniformly made.

*Id.* at 370, 94 S.Ct. at 1167 (footnotes omitted). Nevertheless, the Court reasoned that in view of the legislative purpose, the proper construction of the no-review clause allowed the federal courts to review consti-

---

**2.** Diethylcarbamazine or "DEC".

tutional challenges to veterans' benefits law. *Id.* at 373, 94 S.Ct. at 1169.[3]

More recently, the United States Court of Appeals for the Sixth Circuit extended the rationale in *Johnson* to allow review of agency regulations promulgated by the Administrator of the V.A. In *Wayne State University v. Cleland* the plaintiff university contested the validity of V.A. regulations defining a full-time course of study that qualifies for educational assistance benefits under 38 U.S.C. § 1788(a)(4). 590 F.2d 627 (6th Cir.1978). At issue was the agency requirement of at least twelve "standard classroom sessions" per week for qualification as a full-time study program. The Wayne State program called for television broadcast lectures and compressed much of the classroom time into several lengthy weekend sessions. The plaintiff university contended that the V.A. regulations were a redefinition of the statute that exceeded the Administrator's authority.

The Court of Appeals held that suits challenging the V.A.'s authority to promulgate regulations are not barred by 38 U.S.C. § 211(a). The Court based its holding on the *Johnson* analysis of the purposes of § 211(a), reasoning that judicial review of promulgated regulations neither resulted in a multiplicity of burdensome suits against the V.A. nor involved the courts in complex and technical aspects of agency policy. The Court of Appeals extended the application of the analysis in *Johnson* to conclude that review of regulatory authority did not call for involvement in day-to-day operations of the V.A. and did not interfere with uniform administration of policy to particular cases, and therefore was not prohibited by § 211(a).[4]

In sum, the Supreme Court and Sixth Circuit have articulated two exceptions to the jurisdictional restriction of § 211(a). In so doing they particularly sought to avoid an unconstitutional construction of the

clause. Hence, under *Johnson* the courts can review the constitutional claims under the veterans' benefits statutes and under *Wayne State* they can review the quasi-legislative actions of the Administrator. In order for the plaintiffs in the instant case to maintain their action it must fall within an exception to the no-review bar. Clearly, plaintiffs are not challenging a specific agency regulation and thus can not rely on the regulatory review exception to § 211(a). They do attempt, however, to frame their claim as one for equal protection or as otherwise calling for relief that does not impinge on the primary purposes of agency insulation described in *Johnson.* In this they fail.

## II.

■ Plaintiffs seek to cast their claim as one for equal protection. They rely heavily on *Falter v. Veterans' Administration,* 502 F.Supp. 1178 (D.N.J.1980), for the proposition that veterans receiving treatment at V.A. medical facilities have a judicially reviewable claim arising under the Constitution when their treatment is substantially different from or unequal to treatment received by other veterans. From this general statement of the *Falter* case the plaintiffs ask the Court to reason that since World War II veterans are getting correct treatment for filariasis and Viet Nam veterans are not, the latter group's right to equal protection is violated. Such a distillation of the holding in *Falter* ignores the facts and declared limited application of the principle of equal protection in the case.

In *Falter,* Judge Ackerman found that the conditions of living at the V.A. medical center in Lyons, New Jersey violated veterans' equal protection rights. Judge Ackerman did not review medical treatment at the facility but limited his review of the V.A.'s activities to what amounted to conditions of confinement, a well-recognized area of constitutional claims. Specifically, Judge Ackerman held that the plaintiff vet-

---

**3.** The Supreme Court decided that denial of veterans' benefits to conscientious objectors was not a violation of equal protection.

**4.** The Court of Appeals held that the Administrator had authority to promulgate the regulations in question.

erans had judicially reviewable claims against the V.A. concerning access to postage stamps, telephones, property lockers, and issues of personal privacy.

Finding the § 211(a) restriction on judicial review inapplicable, Judge Ackerman declared:

> [T]he present case remains an unusual equal protection case insofar as it raises issues not relating to inequalities created by legislative acts or by administrative rule-making but rather to unequal administration of benefits such that individuals who are ostensibly entitled to receive identical benefits under the law are in fact receiving substantially different treatment depending upon where they go to receive these benefits.

502 F.Supp. at 1185–86. Nevertheless, he explicitly excluded the provision of medical treatment from consideration under an "unequal administration of benefits" analysis, declaring:

> When I say that they are treated differently I am not referring to the substance of their medical or psychiatric treatment, I am referring to how they are treated as human beings.

*Id.* at 1185. Judge Ackerman deliberately differentiated between the extension of judicial review to the "selfhood" of the patient, *id.* at 1189, and the "clearly non-reviewable situation where a veteran claims that the V.A. failed to extend benefits that it has a statutory obligation to provide to that veteran," *id.* at 1181.

Judge Ackerman, then, used the Supreme Court's rationale in *Johnson* as the basis for a third exception to the § 211(a) jurisdictional bar. In addition to the statutory review of *Johnson* and regulatory review of *Wayne State,* Judge Ackerman held that § 211(a) did not preclude jurisdiction over claims of basic rights to liberty and property rising to the level of a constitutional claim for equal protection. At the same time, he particularly refused to frame disparaties in delivery of medical care as equal protection issues subject to judicial review. Applying the rationale in *Johnson,* he concluded that decisions about

medical care were the sort of quasi-adjudicatory, day-to-day determination and administration of policy properly insulated from review by § 211(a). Plaintiffs' reliance on *Falter,* therefore, is misplaced.

Instead the Court finds guidance in Judge Pratt's decision in *Ryan v. Cleland,* 531 F.Supp. 724 (E.D.N.Y.1982). The case is on point, although plaintiffs argue otherwise. It is unnecessary for this Court to recapitulate Judge Pratt's thorough analysis. Briefly, in *Ryan* a group of Viet Nam veterans sought a wide range of declaratory and injunctive relief aimed generally at forcing V.A. recognition and treatment of the consequences of Viet Nam veterans' exposure to dioxin. The V.A. interposed the § 211(a) no-review clause as a bar to the Court's jurisdiction over the action. After careful consideration, Judge Pratt concluded that the claim for entitlement to medical benefits did not "sink to the level of a constitutional violation." *Id.* at 732–33. Applying the Supreme Court's reasoning in *Johnson,* Judge Pratt held that review of the V.A.'s provision of medical care for dioxin exposure required precisely the judicial review of administrative determinations prohibited by the letter and purpose of § 211(a). *Id.* at 730–31. Accordingly, he dismissed the veterans' suit for lack of jurisdiction.

Plaintiffs seek to distinguish *Ryan* on the ground that the issue there was eligibility where as here the veterans have been deemed eligible for medical care but are not receiving equal treatment. The point is too fine. In both cases the veteran groups contended that the V.A. was giving inadequate diagnoses and treatment and asked the Court to order the agency to provide specific tests and care. In any event, whether the issue is eligibility for V.A. treatment or choice of a type of test or treatment, it remains an administrative determination of how particular cases will be handled and therefore falls within the insulated category of quasi-adjudicatory decisions. In neither instance can the issue correctly be cast as one of the three exceptions to the § 211(a) jurisdictional bar. Nor can the concept of constitutionality articulated in *Johnson* or *Falter* be

stretched further to cover the plaintiffs' claim here.

### III.

While the statute and case law are not complex, the decision in this case remains vexing. The Viet Nam veterans fought for their country under hard conditions. In recent months military and V.A. hospitals have been charged publicly with inadequate but unnecessarily costly medical care. This case would appear to be one more instance of the poor thanks we extend to our veterans and servicemen.

Nevertheless, the application of the statute is clear. Review of the treatment decisions made by the V.A. is barred by 38 U.S.C. § 211(a). This Court lacks jurisdiction to hear and decide any of the matters plaintiffs seek to plead in this action.[5]

Accordingly, the action is dismissed for lack of jurisdiction, 38 U.S.C. § 211(a). The Clerk of the Court is directed to enter judgment dismissing the complaint. The parties are to bear their own costs.

---

**5.** Although the complaint is vague on the point, insofar as relief is sought for failure to inform Viet Nam servicemen of the risk of filariasis and properly treat them while in the service, that claim is barred by the *Feres* doctrine.