**William T. HIGGINS, Appellant,**

v.

**John R. KELLEY, Thomas J. Sisterman, Ralph Mayer, Allan N. Hopen, Appellees.**

**No. 87–5025.**

United States Court of Appeals, Eighth Circuit.

Submitted May 22, 1987.

Decided July 31, 1987.

Rehearing Denied Aug. 24, 1987.

Paul W. Day, Asst. U.S. Atty., Minneapolis, Minn., for appellees.

Before HEANEY, FAGG, and BOWMAN, Circuit Judges.

PER CURIAM.

William T. Higgins appeals the district court's order dismissing, for lack of subject matter jurisdiction, his complaint against members of a Veterans Administration (the VA) rating board and their supervisor. Higgins challenges on a variety of regulatory, statutory, and constitutional grounds the VA's denial of veterans disability benefits in his case. He seeks injunctive relief and damages. The VA acknowledges Higgins suffers mental disorders and is disabled to some extent because of them. The VA found, however, that Higgins' disability was neither service-connected nor aggravated by VA medical treatment, and thus Higgins was not qualified to receive the veterans benefits for which he applied. We affirm.

The district court found judicial review of Higgins' claims was barred by 38 U.S.C. § 211(a) which states in part:

> [T]he decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.

38 U.S.C. § 211(a). We agree. Under section 211(a) federal courts lack authority to review VA decisions on individual benefits claims. *See Walters v. National Ass'n of Radiation Survivors,* 473 U.S. 305, 307, 311, 105 S.Ct. 3180, 3182, 3184, 87 L.Ed.2d 220 (1985); *Merged Area X (Educ.) v. Cleland,* 604 F.2d 1075, 1077–78 (8th Cir.1979). In addition to barring Higgins' request for injunctive relief, section 211(a) bars his claim for civil damages arising out of a denial of benefits. *See Taylor v. United States,* 642 F.2d 1118, 1120 (8th Cir.1981) (per curiam).

William T. Higgins, pro se.

■ Similarly, section 211(a) prevents the award of damages sought on a constitutional theory when the challenge is essentially to the administrative decision not to award veterans benefits. *See Pappanikoloaou v. Administrator of the Veterans Admin.,* 762 F.2d 8, 9 (2d Cir.) (per curiam), *cert. denied,* 474 U.S. 851, 106 S.Ct. 150, 88 L.Ed.2d 124 (1985); *Anderson v. Veterans Admin.,* 559 F.2d 935, 936 (5th Cir. 1977) (per curiam). The district court also correctly rejected Higgins' claim section 211(a) is itself unconstitutional because it denies veterans a right to judicial review of their claims. *See De Rodulfa v. United States,* 461 F.2d 1240, 1257 (D.C.Cir.), *cert. denied,* 409 U.S. 949, 93 S.Ct. 270, 34 L.Ed.2d 220 (1972); *Milliken v. Gleason,* 332 F.2d 122, 123 (1st Cir.1964) (per curiam), *cert. denied,* 379 U.S. 1002, 85 S.Ct. 723, 13 L.Ed.2d 703 (1965); *see also Johnson v. Robison,* 415 U.S. 361, 366–67, 94 S.Ct. 1160, 1165, 39 L.Ed.2d 389 (1974) (section 211(a) not a bar to constitutional challenge of underlying benefit statute).

■ Finally, we hold section 211(a) also bars consideration of Higgins' claim the VA's denial of benefits discriminated against him in violation of the Rehabilitation Act. *See* 29 U.S.C. § 794. The Rehabilitation Act prohibits an "otherwise qualified individual with handicaps * * * solely by reason of his handicap * * * [from being] denied the benefits of, or [being] subjected to discrimination under * * * any program or activity conducted by any Executive Agency." *Id.* Higgins argues the VA has violated this statute because it denied him veterans disability benefits because of his mental disorder.

Higgins' argument mischaracterizes the basis of the VA's denial of his claim for benefits. The VA did not deny the claim because Higgins has a mental disorder; rather, his claim was denied based on the VA's determination the disorder was not service-connected. Higgins' claim does not present the situation in which a veteran who is otherwise qualified to receive VA benefits has been excluded from benefits solely on the basis of a handicap. Denial of benefits in those circumstances is an

issue that apparently will be reviewed by the Supreme Court. *See McKelvey v. Turnage,* 792 F.2d 194, 198–99 (D.C.Cir.1986), *cert. granted,* —— U.S. ——, 107 S.Ct. 1368, 94 L.Ed.2d 684 (1987); *Traynor v. Walters,* 791 F.2d 226, 228–31 (2d Cir.1986), *cert. granted,* —— U.S. ——, 107 S.Ct. 1368, 94 L.Ed.2d 684 (1987); *see also Tinch v. Walters,* 765 F.2d 599 (6th Cir.1985).

The VA has determined Higgins' disability is not service-connected. Therefore, Higgins is not, under the terms of the Rehabilitation Act, "otherwise qualified" to receive veterans disability benefits. It is precisely the type of fact-based determination made by the VA here—lack of service connection—that section 211(a) is designed to insulate from judicial review. We hold Higgins may not sue for violation of the Rehabilitation Act in the circumstances of this case.

Under section 211(a) the district court lacked jurisdiction over Higgins' claims, and the order dismissing the complaint is affirmed. *See* 8th Cir.R. 14.