968 F.2d 1497
 John LARRABEE, by his sister, and conservator Judith Burnham
JONES, Plaintiff-Appellant,
v.
Edward DERWINSKI, in his official capacity as Secretary of
Veteran's Affairs of the U.S., Robert Perreault, in his
official capacity as director of the Veteran's Medical
Center in Newington CT, Defendants-Appellees.
 No. 1648, Docket 92-6059.
 United States Court of Appeals,
Second Circuit.
 Argued May 4, 1992.
Decided June 26, 1992.
 
 David C. Shaw, Hartford, Conn., for plaintiff-appellant.
 Jonathan R. Siegel, Atty., Dept. of Justice, Washington, D.C. (Stuart M. Gerson, Asst. Atty. Gen., Mark B. Stern, Atty., Dept. of Justice, Albert S. Dabrowski, U.S. Atty., Carl J. Shuman, Asst. U.S. Atty., Hartford, Conn., of counsel), for defendants-appellees.
 Before PRATT, MAHONEY and McLAUGHLIN, Circuit Judges.
 McLAUGHLIN, Circuit Judge:
 
 
 1
 John Larrabee is a Vietnam veteran, now totally disabled and residing in a psychiatric unit of the Veterans' Hospital in Newington, Connecticut. Through his sister and conservator, Judith Jones, Larrabee sued the Secretary of Veterans Affairs and the Director of the Newington Veterans' Hospital, alleging that they violated his statutory rights and both substantive and procedural due process, as well. The District Court for the District of Connecticut (Jose A. Cabranes, District Judge ) dismissed Larrabee's statutory and substantive due process claims for lack of jurisdiction and failure to state a claim, respectively; and it awarded defendants summary judgment on the procedural due process claim. We now substantially affirm, holding that the district court lacked jurisdiction over all of plaintiff's claims in light of 38 U.S.C.A. § 511 (1991).
 
 BACKGROUND
 
 2
 Larrabee is a forty-nine year old Army veteran of the Vietnam War. In May 1968, he was wounded in combat, sustaining serious injuries to his legs and feet. Four years later Larrabee was discharged and was determined by the Department of Veterans Affairs ("VA") to have a 100% employment-related disability.
 
 
 3
 Tragically, Larrabee's return to civilian life during this turbulent period was difficult. Besides other personal problems he experienced, Larrabee abused alcohol, necessitating several visits to the VA Hospital in Northhampton, Massachusetts.
 
 
 4
 In 1976, Larrabee sustained severe head injuries in a motorcycle accident that also required the amputation of his left leg below the knee. He was diagnosed as having a seizure disorder and an acute organic brain disturbance. Larrabee spent five weeks in Hartford Hospital, was transferred to the VA Hospital in Newington, Connecticut, and then discharged, allegedly without receiving treatment for his head injuries.
 
 
 5
 Larrabee's injuries, which caused memory loss and seizures, deepened his preexisting alcohol and personality problems. Between his discharge in late 1976, and 1988, Larrabee was repeatedly admitted to the VA Hospital in Newington, Connecticut for a variety of alcohol-related medical problems. Finally, in June 1988, Larrabee was admitted to a general psychiatric unit at the Newington VA Hospital, where he remains today.
 
 
 6
 Larrabee's condition had so deteriorated by May 1990 that the Connecticut Probate Court appointed his sister, Judith Jones, as his conservator. Jones arranged for her brother to be examined by Dr. Stephen Sarfaty, who concluded that Larrabee was suffering from post-traumatic stress disorder, alcoholism, traumatic brain injury and a seizure disorder. Since Jones was appointed Larrabee's conservator she and the VA have been unable to agree on the appropriate placement and treatment for Larrabee. This dispute underlies Larrabee's complaint.
 
 
 7
 Jones alleges that the VA proposed to discharge Larrabee in June 1990 without arranging for his placement in another suitable medical facility--to dump him, in short. To prevent this, Jones filed an action on Larrabee's behalf on June 5, 1990, asserting procedural due process claims and requesting declaratory and injunctive relief. The complaint was later amended to add statutory and substantive due process claims. The gravamen of the amended complaint is that the VA has failed to provide Larrabee with adequate care.
 
 
 8
 The defendants (1) moved to dismiss the statutory claims as barred by 38 U.S.C.A. § 511 (1991) [the decisions of the Secretary "may not be reviewed ... by any court, whether by an action in the nature of mandamus or otherwise"]; (2) moved to dismiss the substantive due process claims for failure to state a claim and as barred by section 511; and (3) moved for summary judgment on the procedural due process claim, arguing that Larrabee received all the process constitutionally due him. Judge Cabranes granted each motion and this appeal followed.
 
 DISCUSSION
 
 9
 We pause to address two procedural matters. First, although the defendants did not challenge the district court's subject matter jurisdiction over Larrabee's procedural due process claim until this appeal was taken, this argument is properly before us because such jurisdictional claims may be raised in federal court at any stage of the proceeding. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702, 102 S.Ct. 2099, 2104, 72 L.Ed.2d 492 (1982); Promisel v. First Am. Artificial Flowers, Inc., 943 F.2d 251, 254 (2d Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 939, 117 L.Ed.2d 110 (1992). Second, Larrabee now concedes that section 511(a) deprived the district court of jurisdiction over his statutory claims. Accordingly, we address only the question of jurisdiction over Larrabee's substantive and procedural due process claims.
 
 
 10
 The fulcrum of this controversy is 38 U.S.C. § 511, precluding judicial review of veterans' benefits determinations. We therefore "begin with the familiar canon of statutory construction that the starting point for interpreting a statute is the language of the statute itself." Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc., 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980). Section 511 provides:
 
 
 11
 (a) The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to [exceptions set forth in] subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.
 
 
 12
 38 U.S.C.A. § 511(a) (1991).
 
 
 13
 All parties agree that none of the exceptions in section 511(b) give the district court jurisdiction in this case. The crucial inquiry, consequently, is whether plaintiff's complaint challenges "a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans...." Id. We conclude that it does. We do not make this judgment in a vacuum, however, because this statute has a long and rich history.
 
 
 14
 Since Congress first legislated in the area of veterans' benefits over fifty years ago, it has consistently precluded judicial review of veterans' benefits determinations. See Note, Judicial Review of Allegedly Ultra Vires Actions of the Veterans' Administration: Does 38 U.S.C. § 211(a) Preclude Review?, 55 Fordham L.Rev. 579, 594 (1987), cited with approval in H.R.Rep. No. 963, 100th Cong., 2d Sess. passim (1988), reprinted in 1988 U.S.C.C.A.N. 5782; see, e.g., World War Veterans' Act, ch. 320, § 5, 43 Stat. 607, 608, 609 (1924) (current version at 38 U.S.C.A. § 511(a) (1991)); Economy Act of 1933, ch. 3, § 5, 48 Stat. 8, 9 (current version at 38 U.S.C.A. § 511(a) (1991)); Act of October 17, 1940, ch. 893, § 11, 54 Stat. 1193, 1197 (current version at 38 U.S.C.A. § 511(a) (1991)). Section 211(a)[1] of the Veterans' Benefits Act of 1957, Pub.L. No. 85-56, 71 Stat. 83, 92 (current version at 38 U.S.C.A. § 511(a) (1991)), which consolidated and simplified veterans' benefits law, prohibited review of "any question of law or fact concerning a claim for benefits or payments." Id.; see also Act of Sept. 2, 1958, Pub.L. No. 85-857, § 211(a), 72 Stat. 1105, 1115 (same) (current version at 38 U.S.C.A. § 511(a) (1991)).
 
 
 15
 A procession of decisions by the D.C. Circuit, however, "significantly narrow[ed] the preclusion statute." Note, supra, 55 Fordham L.Rev. at 596; see, e.g., Tracy v. Gleason, 379 F.2d 469, 472-73 (D.C.Cir.1967); Thompson v. Gleason, 317 F.2d 901, 907 (D.C.Cir.1962); Wellman v. Whittier, 259 F.2d 163, 168-69 (D.C.Cir.1958). In 1970, Congress responded to the D.C. Circuit's "fairly tortured construction [of section 211]", H.R.Rep. No. 1166, 91st Cong., 2d Sess. 8-11 (1970), reprinted in 1970 U.S.C.C.A.N. 3723, 3731, by amending the statute to overrule that court's grudging interpretation of the preclusion provision. See Act of Aug. 12, 1970, Pub.L. No. 91-376, § 8(a), 84 Stat. 787, 790 (current version at 38 U.S.C.A. § 511(a) (1991)); Note, supra, 55 Fordham L.Rev. at 596. The 1970 version of section 211(a), which is substantially similar to current section 511(a), provided that
 
 
 16
 the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans and their dependents or survivors shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise.
 
 
 17
 38 U.S.C. § 211(a) (current version codified at 38 U.S.C.A. § 511 (1991)), quoted in Johnson v. Robison, 415 U.S. 361, 365 n. 5, 94 S.Ct. 1160, 1164 n. 5, 39 L.Ed.2d 389 (1974).
 
 
 18
 In 1974, the Supreme Court had its first opportunity to review the 1970 amendments, and it held that section 211(a) insulated from judicial review decisions "made by the Administrator in the interpretation or application of a particular provision of the statute to a particular set of facts." Johnson, 415 U.S. at 367, 94 S.Ct. at 1166 (emphasis added). It did not bar review of the very statute itself. Accordingly, under Johnson, facial challenges to the veterans' benefits statutes could be brought in district court pursuant to its federal question jurisdiction, 28 U.S.C. § 1331. See Johnson, 415 U.S. at 367, 94 S.Ct. at 1165-66.
 
 
 19
 Since Johnson, we have distinguished between attacks upon the statute as drafted and the statute as applied; and we have held that section 211(a) precludes judicial review of non-facial constitutional claims, adding "that one may not circumvent § 211(a) by seeking damages on a constitutional claim arising out of a denial of benefits." Pappanikoloaou v. Administrator of the Veterans Admin., 762 F.2d 8, 9 (2d Cir.) (per curiam), cert. denied, 474 U.S. 851, 106 S.Ct. 150, 88 L.Ed.2d 124 (1985); accord Tietjen v. United States Veterans Admin., 884 F.2d 514, 515 (9th Cir.1989); Higgins v. Kelley, 824 F.2d 690, 691 (8th Cir.1987); Hiljer v. Walters, 749 F.2d 1553 (11th Cir.) (per curiam), cert. denied, 472 U.S. 1029, 105 S.Ct. 3506, 87 L.Ed.2d 637 (1985); Anderson v. Veterans Admin., 559 F.2d 935, 936 (5th Cir.1977) (per curiam); Hartmann v. United States, 615 F.Supp. 446, 449 (E.D.N.Y.1985); see also In re "Agent Orange" Prod. Liability Litigation, 818 F.2d 194, 201 n. 2 (2d Cir.1987) (claims alleging "failure of the [VA] to provide adequate medical treatment ... seek precisely the type of judicial review that Congress, in enacting 38 U.S.C. § 211(a), expressly prohibited"); Ryan v. Cleland, 531 F.Supp. 724, 731 (E.D.N.Y.1982) (same). These cases clearly establish that section 211(a) precludes federal courts from hearing claims--even if draped in constitutional terms--seeking a particular type or level of medical care.
 
 
 20
 This conclusion is buttressed by Congress's response to the Supreme Court's extension of Johnson in Traynor v. Turnage, 485 U.S. 535, 545, 108 S.Ct. 1372, 1380, 99 L.Ed.2d 618 (1988) ("the question whether a [VA] regulation violates the Rehabilitation Act is not foreclosed from judicial review by § 211(a)"). Concerned that "the Court's opinion in Traynor would inevitably lead to increased involvement of the judiciary in technical VA decision-making", H.R.Rep. No. 963, 100th Cong., 1st Sess. 27 (1988), reprinted in 1988 U.S.C.C.A.N. 5782, 5803, Congress overhauled section 211 in the Veterans' Judicial Review Act ("VJRA"), Pub.L. No. 100-687, 102 Stat. 4105 (1988). See generally Note, New Veterans Legislation Opens the Door to Judicial Review ... Slowly!, 67 Wash.U.L.Q. 889, 895-96, 904-12 (1989). The VJRA provides, for the first time, judicial review of veterans' benefits determinations in the Federal Circuit; at the same time it broadens section 211's preclusion of judicial review by other courts. See H.R.Rep. No. 963, 100th Cong., 1st Sess. 27 (1988), reprinted in 1988 U.S.C.C.A.N. 5782, 5809.
 
 
 21
 By providing judicial review in the Federal Circuit, Congress intended to obviate the Supreme Court's reluctance to construe the statute as barring judicial review of substantial statutory and constitutional claims, see Traynor, 485 U.S. at 542-43, 108 S.Ct. at 1378-79; Johnson, 415 U.S. at 366-67, 94 S.Ct. at 1165-66, while maintaining uniformity by establishing an exclusive mechanism for appellate review of decisions of the Secretary. Under the VJRA, after the Secretary makes a decision on the award of benefits, a veteran may appeal it to the Board of Veterans' Appeals. See 38 U.S.C.A. § 7105 (1991). The Board's decision constitutes the Secretary's final determination, see id. § 7104, which may then be appealed to the Court of Veterans Appeals, an Article I court established by the VJRA with "exclusive jurisdiction" to review the decisions of the Board of Veterans' Appeals. Id. § 7252(a); see also Veterans' Judicial Review Act, § 301(a), Pub.L. No. 100-687, 102 Stat. 4105, 4113-21 (1988) (establishing Court of Veterans Appeals) (to be codified at 38 U.S.C. §§ 7251-7292). Decisions of the Court of Veterans Appeals may then be appealed, but only to the Federal Circuit. See 38 U.S.C.A. § 7292 (1991). The scope of review in the Federal Circuit is as follows:
 
 
 22
 (d)(1) The Court of Appeals for the Federal Circuit shall decide all relevant questions of law, including interpreting constitutional and statutory provisions. The court shall hold unlawful and set aside any regulation or any interpretation thereof (other than a determination as to a factual matter) that was relied upon in the decision of the Court of Veterans Appeals that the Court of Appeals for the Federal Circuit finds to be--
 
 
 23
 (A) arbitrary, capricious, and [sic] abuse of discretion, or otherwise not in accordance with law;
 
 
 24
 (B) contrary to constitutional right, power, privilege, or immunity;
 
 
 25
 (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or
 
 
 26
 (D) without observance of procedure required by law.
 
 
 27
 (2) Except to the extent that an appeal under this chapter presents a constitutional issue, the Court of Appeals may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case.
 
 
 28
 Id.
 
 
 29
 We agree (with the only other Circuit to consider this statutory scheme) that "[t]hese provisions amply evince Congress's intent to include all issues, even constitutional ones, necessary to a decision which affects benefits in this exclusive appellate review scheme." Hicks v. Veterans Admin., 961 F.2d 1367, 1370 (8th Cir.1992); see also H.R.Rep. No. 963, 100th Cong., 2d Sess. 27 (1988), reprinted in 1988 U.S.C.C.A.N. 5782, 5809; Note, supra, 67 Wash.U.L.Q. at 910-11. Although district courts continue to have "jurisdiction to hear facial challenges of legislation affecting veterans' benefits," Disabled Am. Veterans v. United States Dep't of Veterans Affairs, 962 F.2d 136, 140 (2d Cir.1992) (emphasis added), other constitutional and statutory claims must be pursued within the appellate mill Congress established in the VJRA. The district court, therefore, lacked jurisdiction to entertain Larrabee's claims that the defendants violated his due process rights in this case.
 
 CONCLUSION
 
 30
 Accordingly, we affirm that portion of the judgment of the district court that dismissed Larrabee's statutory and substantive due process claims. We vacate that portion of the judgment that awarded defendants summary judgment on plaintiff's procedural due process claim and remand with instructions to dismiss.
 
 
 
 [1]
 From 1957 to 1991, the provision precluding judicial review of veterans' benefits determinations was codified at 38 U.S.C. § 211. Congress recently renumbered Title 38 and the current version of section 211 now appears at 38 U.S.C.A. § 511 (1991). See Department of Veterans Affairs Codification Act, Pub.L. No. 102-83, § 2(a), 105 Stat. 378, 388-89 (1991)