James Chesley Leveart PATE,
AIS # 133364, Plaintiff,

v.

DEPT. OF VETERANS AFFAIRS,
et al., Defendants.

Civ. A. No. 94–A–1123–N.

United States District Court,
M.D. Alabama,
Northern Division.

March 24, 1995.

James C.L. Pate, Clio, AL, pro se.

David L. Allred, Montgomery, AL, for defendants.

## MEMORANDUM OPINION

ALBRITTON, District Judge.

### INTRODUCTION

This cause is before the court on Defendant's Motion to Dismiss or in the alternative Motion for Summary Judgment, filed on October 31, 1994. The court entered an Order on November 2, 1994, in which it gave notice that Defendant's motion would be construed as a Motion for Summary Judgment and parties have submitted affidavits and other documentary evidence.

Plaintiff filed this action on August 30, 1994, seeking reversal of the Secretary of Veterans Affairs' determination that the plaintiff was not due benefits as a surviving spouse of a veteran. The court finds that Congress has expressly provided that jurisdiction for matters of this nature rests solely with the Court of Veterans Appeals, and as such plaintiff's claim for benefits must be dismissed for lack of subject matter jurisdiction. Additionally, the court finds that because the uncontroverted evidence shows that the veteran was not covered by an insurance policy through the Department of Veterans Affairs at the time of her death, the defendant is entitled to summary judgment on the issue of plaintiff's claim for insurance benefits.

### FACTS

The substance of this action concerns the marital status of a United States Veteran, Ms. Elizabeth A. Hemmingway.[1] Ms. Hemmingway died on June 3, 1981. She had served several years in the U.S. Army with some distinction, earning a National Defense Service Medal and a Good Conduct Medal. She was honorably discharged from the military on June 25, 1976.

Plaintiff, an inmate at the Easterling Correctional Facility, alleges that he was married to Ms. Hemmingway at the time of her death and as such is entitled to death benefits as the surviving spouse of a veteran. He filed a formal application for a Death Pension on March 29, 1993, having first notified the Department of Veterans Affairs on January 20, 1993, that he believed he was entitled to these benefits. He submitted with his application a cover letter, a marriage certificate and a death certificate. On the marriage certificate, Ms. Hemmingway appears as Ms. Isbell. Both the plaintiff and the veteran stated on the certificate that they both had been married previously but that their marital status at that time was "divorced." It therefore appears that each had previously been married. According to plaintiff, he and Ms. Hemmingway were married on July 23, 1970. He further alleges that the couple parted about nine months following the marriage, and then reconciled and remained together until November of 1973. He states that he was incarcerated soon thereafter, and that the veteran remained in touch with him through correspondence but did not visit. He also alleges that the two were never divorced from each other.

Although the marriage certificate for plaintiff and Ms. Hemmingway clearly indicates that they both had married previously, plaintiff now alleges that this was a first marriage for both, and that this is the reason he cannot provide divorce decrees for previous marriages as required by the VA. The VA contends that Ms. Hemmingway stated on her service record that when she entered the service she was divorced. The Government further contends that in an application for benefits in 1979, Ms. Hemmingway stated that she had been married to James E. Isbell, and that this marriage had ended in divorce in 1970. Ms. Hemmingway did not report the marriage to plaintiff on this form. Further, in 1980, in another application for benefits, Ms. Hemmingway simply stated that she was divorced. Her death certificate lists her as Elizabeth Ann Parrott and lists a Charles Ervin Parrott as her husband. Mr. Parrott is the name that appears as the surviving spouse under the burial benefits form that was submitted to the department.

---

1. Parties refer to the veteran using different last names, including Hemmingway, Isbell, Parrott and Pate. The court has chosen to refer to the veteran as Ms. Hemmingway, the name she entered on several applications for veterans benefits.

There does not appear to be any allegation that Mr. Parrott is collecting a Death Pension as Ms. Hemmingway's surviving spouse.

When plaintiff first filed his claim, the Department requested that he provide a certified copy of the marriage certificate, and certified copies on the divorce decrees terminating the previous marriages of both the plaintiff and the veteran. Plaintiff did not provide the required documentation, particularly the divorce decrees and was informed by the Department that his request for benefits was denied. Plaintiff has been informed that he may reopen his case at any time by filing the necessary documents.

## ANALYSIS

■ Since the very early years of the Veterans Administration, Congress has prohibited court review of the agency's decisions as to individual benefits. Act of March 20, 1933, ch. 3, § 5, 48 Stat. 9 (1933); *as cited in* Stichman, Barton, *The Impact of the Veterans' Judicial Review Act on the Federal Circuit,* 41 Am.U.L.Rev. 855 (1992). The prohibition, though, extended only to *individual* benefits cases. *See, e.g., Wexler v. Roudebush,* 443 F.Supp. 31, 32 (E.D.Pa. 1977). Accordingly, constitutional challenges to VA regulations could be brought in federal district court. *See Johnson v. Robison,* 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974). Additionally, the Supreme Court allowed certain other statutory challenges. *See, Traynor v. Turnage,* 485 U.S. 535, 545, 108 S.Ct. 1372, 1380, 99 L.Ed.2d 618 (1988) (holding that the preclusion provision did not bar district court review of a question as to whether a VA regulation violates the Rehabilitation Act). Courts had generally held that suits challenging VA decisions could be brought under the Administrative Procedure Act. 5 U.S.C. §§ 701–706. *See Johnson,* 415 U.S. 361, 94 S.Ct. 1160.

In 1988, Congress passed the Veterans' Judicial Review Act (Pub.L. No. 100–687, 102 Stat. 4105 (1988), referred to herein after as "the Act"), clarifying and, to a certain extent, further restricting district court jurisdiction in Veterans benefits cases. Apparently one of the motivations for the Act was the fear in Congress that the Court's decision in *Tray-*

*nor,* "would inevitably lead to increased involvement of the judiciary in technical VA decision making." *See, Larrabee by Jones v. Derwinski,* 968 F.2d 1497, 1500 (2nd Cir. 1992) (citing H.R.Rep. No. 963, 100th Cong., 1st Sess. 27 (1988), reprinted in 1988 U.S.C.C.A.N. 5782, 5809).

■ The Act established the Court of Veterans Appeals, and prescribed the proper paths for appealing decisions made by the VA. 38 U.S.C. §§ 7251 *et seq.* Under the new law, veterans and their dependents must first appeal a benefits decision to the Board of Veterans Appeals, the internal appeals division of the VA. 38 U.S.C. § 7104(a). If the appellant is not satisfied with the BVA decision, it can be appealed to the Court of Veterans Appeals. 38 U.S.C. § 7252. Further appeal may then be taken to the Federal Circuit. The Veterans' Judicial Review Act also mandates that challenges to the regulations promulgated by the VA must be taken directly to the Federal Circuit. 38 U.S.C. § 502. It is not fully clear, though, that the Act has completely deprived the district courts of their jurisdiction over constitutional challenges to VA rules and regulations. *See,* Stichman, *supra,* 41 Am.U.L.Rev. 855 (1992).

The judicial preclusion provision of the current law has been recodified at 38 U.S.C. § 511(a). According to that section,

> The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans. Subject to [the exceptions set forth in] subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or any other court, whether by an action in the nature of mandamus or otherwise.

■ Plaintiff's lawsuit asks this court to review the determination by the Secretary of Veterans Affairs that plaintiff has not, at this time, established that he is entitled to benefits as the surviving spouse of a United

States veteran.[2] Although couched in terms of a constitutional violation, plaintiff clearly is seeking a determination that the Department erred in not providing him benefits. Plaintiff seems to be correct in stating that under § 511(a) certain constitutional claims are not precluded from review by the district court. *See, Larrabee by Jones,* 968 F.2d at 1500. However, it is also true that section 511(a) "precludes federal courts from hearing claims-even if draped in constitutional terms-seeking a particular type or level [of benefits]." *Id. Accord, Pappanikoloaou v. Administrator of the Veterans Admin.,* 762 F.2d 8, 9 (2nd Cir.), *cert. den.* 474 U.S. 851, 106 S.Ct. 150, 88 L.Ed.2d 124 (1985) ("[O]ne may not circumvent § 211(a) [now § 511(a)] by seeking damages on a constitutional claim arising out of a denial of benefits.").

Plaintiff's claim does not actually challenge the constitutionality of a VA regulation or rule. Plaintiff simply seeks redress of what he considers to be an erroneous decision by the VA. According to plaintiff, he was married to the veteran when she died. The Secretary maintains that this has not been properly established. The claim, then, turns on a factual decision made by the Secretary regarding the benefits due the individual plaintiff. This type of claim has a clearly established path for review, one that does not include the federal district court.

As stated above, the plaintiff must first appeal the initial determination to the Board of Veterans Appeals. If he is still not satisfied, he may take the claim to the Court of Veterans Appeals. *See, Hicks v. Veterans Admin.,* 961 F.2d 1367 (8th Cir.1992); *Dacoron v. Brown,* 4 Vet.App. 115, 118 (1993). Finally, he may take further appeal to the Federal Circuit. The district court, however, lacks jurisdiction over this matter, and as such the plaintiff's claim for benefits as the surviving spouse of a veteran is due to be dismissed.

One of the exceptions to the preclusion of judicial review set forth in § 511(b) is the plaintiff's claim to life insurance benefits. *See* 38 U.S.C. §§ 1975 and 1984. It appears from the uncontroverted submissions of the parties, though, that the veteran did not have any life insurance through the government when she died. The life insurance she was provided as a service person had to have been transferred within 120 days of her separation from the military. Apparently, Ms. Hemmingway decided not to convert her coverage. As no policy was in effect at the time of her passing, the plaintiff's claim to life insurance proceeds is due to be denied, and Defendant's Motion for Summary Judgment on this issue is due to be Granted.

## CONCLUSION

For the reasons set forth above, the court finds that the Defendant's Motion to Dismiss on the issue of the Secretary's determination of plaintiff's ineligibility for benefits is hereby GRANTED for lack of subject matter jurisdiction. Defendant's Motion for Summary Judgment on the issue of plaintiff's entitlement to life insurance benefits as a surviving spouse is due to be GRANTED. The court will enter a separate order consistent with this opinion.

## ORDER

In accordance with the Memorandum Opinion entered on this day, it is hereby ORDERED as follows:

1. Defendant's motion to dismiss the plaintiff's claim for benefits as a surviving spouse is GRANTED, and that claim is DISMISSED.

2. Defendant's motion for summary judgment on plaintiff's claim for life insurance benefits is GRANTED, and summary judgment is entered in favor of the defendant on that claim.

3. This order also disposes of the claims against the defendants listed as J.M. Downes

---

**2.** Obviously the Secretary does not participate in the determinations personally. However, Congress has authorized the Secretary to "assign functions and duties, and delegate, or authorize successive redelegation of, authority to act and to render decisions, with respect to all laws admin-

istered by the Department, to such officers and employees as the Secretary may find necessary." 38 U.S.C. § 512(a). The decision making in situations such as the instant case is generally left with the VA Regional Office. *See, Darrow v. Derwinski,* 2 Vet.App. 303, 304 (1992).

and Frank D. Wilkes, since they were sued as representatives of the Department of Veterans Affairs, and no separate claims are stated against them. Accordingly, all claims against J.M. Downes and Frank D. Wilkes are DISMISSED.

4. The remaining defendants in this case are named as National Service Life Insurance Company, Serviceman's Group Life Insurance, and Veterans Group Life Insurance. Return receipts on file in this case indicate that those defendants were served with process on September 9, 1994, September 12, 1994, and September 8, 1994, respectively. No responsive pleadings have been filed by those defendants. Those defendants are DIRECTED to file answers to the complaint **no later than April 13, 1995,** or be subject to entry of default.