UNITED STATES COURT OF APPEALS
**Filed 4/9/96**
TENTH CIRCUIT

RAY WHEELER, CECIL NISH, JAMES
DALE, and JOAN HABER,

Plaintiffs/Appellants,

v.

UNITED STATES VETERANS
ADMINISTRATION,

Defendant/Appellee.

Consolidated cases
Nos. 95-4007 and 95-4049
(D. UTAH)

**ORDER AND JUDGMENT**[*]

**Before BRISCOE, HOLLOWAY, and MURPHY, Circuit Judges.**

Ray Wheeler, Cecil Nish, James Dale, and Joan Haber (the "Plaintiffs") brought

suit against the United States Veterans Administration (the "VA") seeking (1) a

declaration that the VA's "decision that Merchant Marines are not veterans of the United

States Armed Forces is a violation of plaintiff's rights to equal protection" and (2) an

award of damages for the wrongful denial of veterans' benefits to members of the

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Merchant Marines[1]. The district court dismissed the complaint on the ground that it stated only an "as-applied" challenge to the G.I. Bill. According to the district court, its subject matter jurisdiction was limited to facial challenges to the G.I. Bill. Plaintiffs appeal, claiming that the district court erred in construing their complaint as an as-applied, rather than facial, challenge to the G.I. Bill. **We affirm**.

The standard of review of an order of dismissal for lack of subject matter jurisdiction is *de novo*. *Cooper v. American Auto. Ins. Co.*, 978 F.2d 602, 611 n.7 (10th Cir. 1992).

Both the VA and the Plaintiffs agree that if the complaint states an as-applied challenge to the G.I. Bill, subject matter jurisdiction lies with the Board of Veterans' Appeals, the Court of Veterans Appeals, and the United States Court of Appeals for the Federal Circuit. *See* 38 U.S.C. §§511, 7104(a), 7105, 7252(a), 7292(c); *see also Larrabee v. Derwinski*, 968 F.2d 1497, 1501 (2d Cir. 1992); *Hicks v. Veterans Admin.*, 961 F.2d 1367, 1370 (8th Cir. 1992). In light of that agreement, the sole issue in this case is whether the district court erred in concluding that Plaintiffs' complaint states an as-applied rather than a facial challenge to the G.I. Bill.

---

[1] Plaintiffs filed this action on their own behalf and as a class action on behalf of two classes of persons pursuant to Rules 23(a), 23(b)(1), and 23(b)(3) of the Federal Rules of Civil Procedure. The first proposed class was composed of former members of the United States Merchant Marines. The second proposed class consisted of surviving widows and family members of World War II Merchant Marines. The district court never reached the issue of whether the proposed classes were properly certifiable under Rule 23 because it dismissed the complaint on jurisdictional grounds.

We conclude that the district court was correct in holding that Plaintiffs' complaint states only an as-applied challenge to the G.I. Bill. It is apparent from the face of the complaint that the Plaintiffs are challenging VA benefit decisions and the interpretation of the G.I. Bill adopted by the VA. For instance, in paragraph fourteen of the complaint, Plaintiffs aver that "By various *decisions*, including *decisions on claims filed by one or more of the named plaintiffs*, defendant has *interpreted* the G.I. Bill as excluding veterans of the Merchant Marine from the definition of 'veterans of the Armed Forces of the United States' under the G.I. Bill." (Emphasis added.) It must be noted that the language set out above is not an aberration, taken out of context. Instead, even construing the allegations in the complaint liberally in favor of jurisdiction, it is abundantly clear from the face of the complaint that the Plaintiffs are challenging VA "decisions," "actions," and "interpretations,"[2] rather than a facially invalid classification system set out by

---

[2] In paragraphs 17, 18, 19, and 20 of their complaint, Plaintiffs aver as follows:

17. Defendant's *decision* that Merchant Marines are not veterans of the United States Armed Forces is without support, and is without any rational basis.

18. As such, defendant's *decision* that Merchant Marines are not veterans of the United States Armed Forces is a violation of plaintiffs' rights to equal protection under the law as required by the Fifth Amendment of the United States Constitution.

19. As a result of defendant's unlawful *actions* plaintiffs have been damaged by being *denied* benefits that have been available over the years to other members of the Armed Forces of the United States.

(continued...)

- 3 -

Congress in G.I. Bill. It is the Board of Veterans' Appeals, the Court of Veterans Appeals, and the United States Court of Appeals for the Federal Circuit that have jurisdiction over this type of claim. 38 U.S.C. §§511, 7104(a), 7105, 7252(a), 7292(c).

The conclusion that Plaintiffs' complaint does not contain a facial challenge is bolstered by the complaint itself which never once identifies which particular portion of the G.I. Bill purportedly establishes the unlawful classification. Instead of identifying and attacking a statutory classification scheme, the plaintiffs instead focus exclusively on the actions of the VA in administering veterans' benefits. In light of Plaintiffs' failure to identify a portion of the G.I. Bill which is on its face constitutionally infirm, their complaint cannot reasonably be interpreted as a facial challenge to the G.I. Bill.

The judgment of the district court is hereby **AFFIRMED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

---

(...continued)
    20. If the G.I. Bill is *interpreted* as set forth by defendant then the statute creates an arbitrary classification in violation of plaintiffs' rights to equal protection of the laws.

(Emphasis added.)

- 4 -