107 F.3d 3
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Brian J. MAHON, Plaintiff-Appellant,
v.
VETERANS ADMINISTRATION, Defendant-Appellee.
 No. 96-6017.
 United States Court of Appeals, Second Circuit.
 Jan. 28, 1997.
 
 1
 Appearing for Appellant:Brian J. Mahon pro se, East Islip, N.Y.
 
 
 2
 Appearing for Appellee:Stacy L. Gordon, Ass't U.S. Att'y, EDNY, Brooklyn, N.Y.
 
 
 3
 Before KEARSE and JACOBS, Circuit Judges, and GLEESON, District Judge.*
 
 
 4
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York, and was argued by plaintiff pro se and by counsel for defendant.
 
 
 5
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed substantially for the reasons stated by Judge Raggi on the record on December 1, 1995. A Bivens action for an alleged constitutional violation cannot be brought against a federal agency. See FDIC v. Meyer, 510 U.S. 471, 486 (1994). Nor can such an action be brought against an individual employee of the Veterans Administration. See Sugrue v. Derwinski, 26 F.3d 8, 12 (2d Cir.1994), cert. denied, 115 S.Ct. 2245 (1995). To the extent that plaintiff seeks review of a benefits determination, his suit is barred by 38 U.S.C. § 511. See, e.g., Larrabee by Jones v. Derwinski, 968 F.2d 1497, 1500 (2d Cir.1992). To the extent that plaintiff seeks to assert a tort claim for libel or slander, that claim is barred by 28 U.S.C. § 2680(h), and in any event is barred by the statute of limitations, see id. §§ 2401(b), 2675(a).
 
 
 6
 We have considered all of plaintiff's contentions on this appeal and have found in them no basis for reversal. The judgment of the district court is affirmed.
 
 
 
 *
 Honorable John Gleeson of the United States District Court for the Eastern District of New York, sitting by designation