**Allen W. HICKS, Appellee,**

v.

**VETERANS ADMINISTRATION, Appellant.**

No. 91–2458.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 9, 1992.

Decided April 17, 1992.

---

Jonathan R. Siegel, Washington, D.C., argued (Stuart M. Gerson, Charles A. Banks, Mark B. Stern, Kerwin E. Miller and Richard J. Hipolit, on the brief), for appellant.

Williams Evans Benton, Little Rock, Ark., argued, for appellee.

Before MAGILL, LOKEN, and HANSEN, Circuit Judges.

HANSEN, Circuit Judge.

Allen Hicks claims his Veterans Administration (VA) disability benefits were reduced because he exercised his First Amendment rights. The district court entered judgment in favor of Hicks on his constitutional retaliation claim. We reverse because the district court had no jurisdiction to hear Hicks' case.

From 1971 until 1989, Hicks' total disability rating was 100% based upon his schizophrenia and degenerative disk disease. On August 17, 1988, Dr. Elisabeth Small, Chief of Psychiatry Services at the Reno, Nevada VA hospital where Hicks was a patient, wrote a letter to the VA Regional Office suggesting that a conservator be appointed for Hicks. The VA responded to the letter by evaluating Hicks' present level of disability. On September 1, 1989, the VA Regional Office Rating Board proposed reducing Hicks' total disability rating to 60%. On that day, Hicks filed a notice of disagreement. The Disability Rating Board conducted a hearing pursuant to 38 U.S.C. § 7105 and concluded that Hicks' present condition warranted an 80% total disability rating. Hicks appealed to the Board of Veterans' Appeals, which held a hearing on his case on May 2, 1991.[1]

In addition to his administrative action within the VA system, Hicks also pursued his complaints against the VA in federal district court in Arkansas. On May 4, 1990, Hicks filed a pleading in district court, amending a complaint in his existing action against the VA, to raise the retaliation claim in question. The theory of his retaliation claim is that Dr. Small's letter was written in retaliation for his exercise of his First Amendment rights by complaining about his treatment at the VA. Hicks argues that the Secretary would not have reevaluated his disability but for Dr. Small's letter and that the reevaluation resulted in a reduction of his disability rating, which in turn decreased the amount of benefits to which he is entitled. Hicks' amended complaint sought readmission to the VA hospital, damages, and reinstatement of his prior 100% disability rating. The district court dismissed all of Hicks' claims except for his retaliation claim. After a bench trial on the retaliation claim, the court found in favor of Hicks and reinstated his prior 100% disability rating.

The VA raises two issues on appeal. First, the VA contends that the district

1. On January 22, 1992, the Board of Veterans' Appeals restored Hicks' 100% disability rating based on his service-connected psychiatric disability effective December 1, 1989 (the date of the contested reduction). *In the Appeal of Allen W. Hicks,* No. 90–00 163.

court had no jurisdiction over the constitutional retaliation claim. Second, the VA asserts that the court erred in its decision on the merits of the retaliation claim. The second issue will not be addressed, because we find that the district court did not have jurisdiction.

■ The statutory jurisdiction provision, 38 U.S.C. § 511, was amended by the Veterans Judicial Review Act of 1988. Because the amendment modifies the statute in relevant part, it is necessary to determine whether the old or the new version of the statute applies to this case. Hicks correctly asserts that the general effective date of the Act is September 1, 1989. *See* Pub.L. No. 100–687, § 401, *reprinted at* 38 U.S.C. § 7251 note. The Act, however, also specifically states that it "shall apply with respect to any case in which a notice of disagreement is filed under [38 U.S.C. § 7105] ... on or after the date of the enactment of this Act [on November 18, 1988]." Pub.L. No. 100–687, § 402, *reprinted at* 38 U.S.C. § 7251 note. Therefore, the Act is applicable to cases in which a party filed a notice of disagreement on or after November 18, 1988. *Hilario v. Secretary, Dep't of Veterans Affairs*, 937 F.2d 586, 588 (Fed.Cir.1991); *Prenzler v. Derwinski*, 928 F.2d 392, 393 (Fed.Cir. 1991). Hicks filed his notice of disagreement on September 1, 1989. Consequently, the statutory amendments in the Act apply in this case.

■ The Act creates a specific appellate review mechanism. To begin the process, a veteran may appeal the initial decision of the Secretary within the VA to the Board of Veterans' Appeals by filing a notice of disagreement. 38 U.S.C. § 7105. The Board's decision is the final decision of the Secretary. 38 U.S.C. § 7104. The amended statutory provision regarding the review of the Secretary's final decision provides the following:

(a) The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans.... Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by action in the nature of mandamus or otherwise.

(b) The second sentence of subsection (a) does not apply to ... (4) matters covered by chapter 72 of this title.

38 U.S.C. § 511. The review of the Secretary's final decision is governed by Chapter 72 of Title 38 of the United States Code. To obtain judicial review, the veteran must file a notice of appeal. 38 U.S.C. § 7266(a). The Court of Veterans Appeals has "exclusive jurisdiction" to review the decisions of the Board of Veterans' Appeals. 38 U.S.C. § 7252(a). Appeal from the Court of Veterans Appeals may be taken to the Court of Appeals for the Federal Circuit. 38 U.S.C. § 7292.

Hicks characterizes his claim as falling outside of the ambit of this scheme of review. He argues that this scheme applies where specialized knowledge or uniformity is important but not with respect to a First Amendment claim. The statute, however, applies to "*all* questions of law and fact." 38 U.S.C. § 511(a) (emphasis added). It does not exclude claims which are based upon the Constitution. The statute includes all claims, whatever their bases, as long as the claim is "necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." *Id.*

The statutory language in Chapter 72 of Title 38 reinforces the interpretation that constitutional claims are included within the scheme of review, and it also refutes Hicks' assertion that concurrent jurisdiction exists in this case. Section 7292(c) provides that the Federal Circuit has "exclusive jurisdiction ... to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." Section 7292(d)(1) provides that the Federal Circuit "shall decide all relevant questions of law, including interpreting the constitutional and statutory provisions." Section 7292(d)(2) provides that "[e]xcept to the extent that an appeal under this chapter presents a constitutional issue, the

Court of Appeals may not review a challenge to a factual determination, or a challenge to a law or regulation as applied to the facts of a particular case." Decisions of the Court of Veterans Appeals are also subject to the review provided in § 7292. 38 U.S.C. § 7252(c). These provisions amply evince Congress's intent to include all issues, even constitutional ones, necessary to a decision which affects benefits in this exclusive appellate review scheme.

Hicks' claim that unconstitutional retaliatory conduct was the cause of the reduction of his disability rating and benefits is essentially a challenge to the reduction of benefits on a constitutional basis. As a challenge to a decision affecting benefits, it is encompassed by 38 U.S.C. § 511 and is not reviewable in any manner other than by the review mechanism set forth in Chapter 72 of Title 38. Hicks' suit in the Eastern District of Arkansas in the Eighth Circuit was improper. Jurisdiction does not exist for this case in a federal court in the Eighth Circuit. The district court's opinion is reversed.