25 F.3d 1049
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 David William MCRAE, II, Plaintiff-Appellant,
v.
UNITED STATES of America, DEPARTMENT OF VETERANS AFFAIRS AND
COURT OF VETERANS APPEALS, Defendant-Appellee.
 No. 94-3017.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1994.
 
 Before MARTIN and JONES, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 David William McRae, II, an Ohio resident, appeals pro se a district court judgment for the defendant in this civil action filed under 28 U.S.C. Sec. 1331. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 McRae brought this action seeking declaratory, monetary, and injunctive relief, raising claims challenging the constitutionality of certain statutes governing the provision of veterans' benefits, challenging the suspension of his veterans' rehabilitative program, raising claims under the Freedom of Information Act (FOIA) and the Privacy Act, and charging the defendant with defamation and libel. The district court granted the defendant's motion for summary judgment on several of the claims and allowed four of the claims to proceed, noting that McRae was required to perfect service properly on the defendant or those claims would be subject to dismissal. McRae sought and was granted an extension of time to perfect service. However, he failed to do so. In its final judgment, the district court concluded that the remaining claims were subject to dismissal for failure of service and, alternatively, that defendant was entitled to judgment on the merits. This appeal followed.
 
 
 3
 Upon review, we conclude that the district court properly disposed of all the claims presented. McRae failed to show that the challenged statutes were unconstitutional. See United States v. Salerno, 481 U.S. 739, 745 (1987); National Ass'n of Radiation Survivors v. Derwinski, 994 F.2d 583, 594-95 (9th Cir.), cert. denied, 114 S.Ct. 634 (1993). The district court lacked jurisdiction over the claims challenging the suspension of McRae's benefits. See Hicks v. Veterans Admin., 961 F.2d 1367, 1369-70 (8th Cir.1992). The United States is entitled to sovereign immunity on the claims of defamation and libel. See Diminnie v. United States, 728 F.2d 301, 303 (6th Cir.) (per curiam), cert. denied, 469 U.S. 842 (1984). McRae's claims under the Privacy Act and the FOIA were also meritless. Finally, the district court did not err in concluding that, alternatively, the claims were subject to dismissal under Fed.R.Civ.P. 4(j), for failure to perfect service. See Moncrief v. Stone, 961 F.2d 595, 597 (6th Cir.1992).
 
 
 4
 No arguments have been presented on appeal to lead us to conclude that the district court's judgment was erroneous. Accordingly, the judgment for the defendant is affirmed for the reasons stated by the district court. Rule 9(b)(3), Rules of the Sixth Circuit.