United States Court of Appeals,

Eleventh Circuit.

No. 95-2175.

William Stephen HALL, Plaintiff-Appellant,

v.

U.S. DEPARTMENT VETERANS' AFFAIRS, Defendant-Appellee.

June 13, 1996.

Appeal from the United States District Court for the Middle District of Florida. (No. 94-1751-CIV-T-21A), Ralph W. Nimmons, Jr., Judge.

Before HATCHETT, Circuit Judge, HENDERSON, Senior Circuit Judge, and MILLS[*], District Judge.

PER CURIAM:

This is an appeal from the judgment of the United States District Court for the Middle District of Florida dismissing William Stephen Hall's complaint against the Department of Veterans Affairs ("Department") for lack of subject matter jurisdiction. We affirm.

## I. BACKGROUND

Hall is a recipient of veterans' disability benefits and a Florida state prisoner. On October 3, 1994, he filed this action *pro se.* He alleged that on May 10, 1994, he was notified by the Department that, effective October 21, 1991, his benefits were reduced to $80.00 per month in compliance with 38 C.F.R. § 3.665, which requires that disability compensation be diminished during periods of incarceration for felony convictions in excess of sixty

---

[*]Honorable Richard Mills, U.S. District Judge for the Central District of Illinois, sitting by designation.

days.[1]  Hall alleged further that, due to overpayments made to him during his imprisonment, the Department sought the return of $15,896.66 previously paid as benefits.  He claimed that the reduction in benefits constituted a tort in violation of numerous provisions of the constitution.  In his prayer for relief he requested that the court "inform [the Department] that 38 CFR 3.665 is contra to the U.S. Constitution and thus must be repealed and

---

[1]Section 3.665 was promulgated to implement the provisions of 38 U.S.C. § 5313.  *See* 38 U.S.C. § 501 (authorizing the Secretary of Veterans Affairs to prescribe rules and regulations necessary to carry out the laws administered by the Department). The statute states, in relevant part:

> (a)(1) To the extent provided in subsection (d) of this section, any person who is entitled to compensation ... and who is incarcerated in a Federal, State, or local penal institution for a period in excess of sixty days for conviction of a felony shall not be paid such compensation ... for the period beginning on the sixty-first day of such incarceration and ending on the day such incarceration ends, in an amount that exceeds—

> (A) in the case of a veteran with a service-connected disability rated at 20 percent or more, the rate of compensation payable under section 1114(a) of this title;  or

> (B) in the case of a veteran with a service-connected disability not rated at 20 percent or more ... one-half of the rate of compensation payable under section 1114(a) of this title.

38 U.S.C. § 5313(a)(1).  The regulation provides in part:

> (a) *General.*  Any person specified in paragraph (c) of this section who is incarcerated in a Federal, State or local penal institution in excess of 60 days for conviction of a felony shall not be paid compensation ... in excess of the amount specified in paragraph (d) of this section beginning on the 61st day of incarceration.

38 C.F.R. § 3.665(a).

all money owe [sic] plaintiff for his injury's [sic] must be repaid in full.  Thus issue a cease and desist order."  (R1-1, Complaint at 4) (capitalization altered).

Prior to service of process on the defendant, the district court *sua sponte* dismissed the complaint for lack of subject matter jurisdiction under authority of 38 U.S.C. § 511(a), which vests decisions affecting veterans' benefits in the Secretary of Veterans Affairs ("Secretary").[2]  Hall then filed this appeal *pro se.*  This court subsequently appointed counsel to represent him and the Department entered an appearance.  The case has now been fully briefed and argued.

## II. STANDARD OF REVIEW

The propriety of the district court's dismissal of the complaint for lack of subject matter jurisdiction is a question of law which we review *de novo.  Tapscott v. MS Dealer Serv. Corp.,*77 F.3d 1353, 1356 (11th Cir.1996).  Because the case was dismissed on the basis of the complaint, we must look to the face of that pleading to determine whether subject matter jurisdiction existed, considering the allegations contained therein as true.  *Sea Vessel, Inc. v. Reyes,* 23 F.3d 345, 347 (11th Cir.1994).

## III. DISCUSSION

---

[2]Section 511(a) specifies:

> (a) The Secretary shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans.  Subject to subsection (b), the decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

Hall urges that subject matter jurisdiction was present because the complaint raised a constitutional attack on the validity of 38 U.S.C. § 5313 as well as the implementing regulation, 38 C.F.R. § 3.665. *See supra* note 1. He contends that the statutory challenge was cognizable in the district court, citing, *inter alia, Johnson v. Robison,* 415 U.S. 361, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974). The Department agrees that if Hall sought to overturn the statute, the district court would have jurisdiction. The Department maintains, however, that he attacked only the regulation, not the statute, and that, under 38 U.S.C. § 502, such challenges must be brought in the United States Court of Appeals for the Federal Circuit,[3] or in accordance with the Veterans' Judicial Review Act, Pub.L. No. 100-687, 102 Stat. 4105 (1988) ("VJRA").

In *Johnson,* the Court construed the jurisdictional implications of 38 U.S.C. § 211(a), the precursor to § 511(a).[4] The Court held that while § 211(a) insulated from judicial review

_____

[3]Section 502 directs that judicial review of rules and regulations promulgated by the Secretary "shall be in accordance with chapter 7 of title 5 and may be sought only in the United States Court of Appeals for the Federal Circuit." It does not address court scrutiny of veterans' benefits legislation.

[4]Like § 511(a), § 211(a) provided that

> "the decisions of the Administrator on any question of law or fact under any law administered by the Veterans' Administration providing benefits for veterans ... shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decision by an action in the nature of mandamus or otherwise."

*Johnson,* 415 U.S. at 365 n. 5, 94 S.Ct. at 1164 n. 5, 39 L.Ed.2d at 396 n. 5 (quoting § 211(a)).

decisions of the Administrator of Veterans Affairs (now, the Secretary) in the interpretation or application of a statute governing veterans' benefits, it did not preclude the district courts from entertaining facial constitutional challenges to acts of Congress affecting benefits. *Johnson,* 415 U.S. at 366-74, 94 S.Ct. at 1165-69, 39 L.Ed.2d at 397-401.

On November 18, 1988, Congress enacted the VJRA. It stipulates that determinations of the Secretary may be appealed to the Board of Veterans' Appeals ("Board"), whose ruling becomes the final decision of the Secretary. 38 U.S.C. § 7104(a). Decisions of the Board may then be reviewed exclusively by the United States Court of Veterans Appeals, an Article I court established by the VJRA.[5] 38 U.S.C. §§ 7251, 7252(a), 7266(a). Decisions of the Court of Veterans Appeals are in turn appealable solely to the United States Court of Appeals for the Federal Circuit, 38 U.S.C. § 7292(a), which has "exclusive jurisdiction to review and decide any challenge to the validity of any statute or regulation or any interpretation thereof ... and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c).[6] *See also Zuspann v. Brown,* 60 F.3d 1156, 1158-59 (5th Cir.1995), *cert. denied,* --- U.S. ----, 116 S.Ct. 909, 133 L.Ed.2d 841 (1996). The judgment of the Federal Circuit Court of Appeals is then subject to review by the United States Supreme Court by writ of certiorari. 38 U.S.C. § 7292(c).

_____

[5]Only a claimant may seek review of a decision of the Board. 38 U.S.C. § 7252(a).

[6]Both the claimant and the Secretary may appeal to the Federal Circuit Court of Appeals. 38 U.S.C. § 7292(a).

Thus, under the statutory scheme, judicial review of a particular application of the law made by the Secretary with respect to a veteran's entitlement to benefits may be had only by appealing to the Board, then to the Court of Veterans Appeals, the Federal Circuit Court of Appeals and the Supreme Court. Facial constitutional attacks on regulations promulgated by the Secretary may be pursued in one of two ways—either in accordance with the procedure set forth in the VJRA, or directly in the Federal Circuit Court of Appeals as permitted by 38 U.S.C. § 502. *See* Barton F. Stichman, *The Veterans' Judicial Review Act of 1988: Congress Introduces Courts and Attorneys to Veterans' Benefits Proceedings,* 41 Admin.L.Rev. 365, 392-93 (1989).

In the wake of the VJRA, the vitality of the *Johnson* holding with respect to the jurisdiction of the district courts to entertain facial constitutional attacks on veterans' benefits *legislation* (as opposed to the implementing rules and regulations) is debatable. The United States Court of Appeals for the Second Circuit has squarely held that the jurisdiction of the district courts continues to extend to such constitutional questions. *See Disabled Am. Veterans v. United States Dep't of Veterans Affairs,* 962 F.2d 136, 140-41 (2d Cir.1992); *Larrabee v. Derwinski,* 968 F.2d 1497, 1501 (2d Cir.1992). In *Zuspann,* the Fifth Circuit Court of Appeals also indicated, albeit in dicta, that, despite the VJRA, facial constitutional challenges may be maintained in the district courts. *Zuspann,* 60 F.3d at 1158-59. The Eighth Circuit Court of Appeals appears to have taken a different view in *Hicks v. Veterans Admin.,* 961 F.2d 1367 (8th Cir.1992). Although *Hicks* did not

involve a facial constitutional attack on a statute affecting veterans' benefits, it did concern a constitutional claim that the plaintiff's veterans' benefits were reduced in retaliation for having exercised his First Amendment rights. *Id.* at 1368. The appellate court held that the district court lacked jurisdiction over this constitutional issue, finding that all questions of law and fact necessary to a decision by the Secretary under a law affecting veterans' benefits, including constitutional questions, fall within the purview of the VJRA and its exclusive judicial review provisions. *Id.* at 1369-70.

Because the face of the complaint in the present case did not specify that a statute was under constitutional attack, we need not decide whether *Johnson* remains good law after the VJRA. We are mindful that *pro se* complaints are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652, 654 (1972). Nevertheless, there is no question that Hall sought to overturn 38 C.F.R. § 3.665, a *regulation* promulgated by the Secretary. The district court lacked jurisdiction over this question of law. Aside from the avenue of review made possible by the VJRA. judicial scrutiny of the regulation is available exclusively in the Federal Circuit Court of Appeals in accordance with 38 U.S.C. § 502. Moreover, Hall clearly sought to reverse the Secretary's application of the law as it affected him. This, he could do, only by following the procedure required by the VJRA.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, we AFFIRM the judgment

of the district court dismissing the complaint for lack of jurisdiction.