[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-10222
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 28, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-23211-CV-ASG

DOUGLAS NALLS,
settlor and successor of the
Douglas E. Nalls irrevocable
trust Number 2 dated November 30, 1995,

Plaintiff-Appellant,

versus

COUNTRYWIDE HOME SERVICES, LLC,
d.b.a. Countrywide Home
Mortgage Company,
RUTHIE MAE CURTIS,
trustee The Douglas E. Nalls
Irrevocable Trust Number 2,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 28, 2008)

Before BIRCH, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Douglas Nalls appeals pro se the district court's sua sponte dismissal of his complaint for lack of subject matter jurisdiction. After review, we affirm.

A district court must have at least one of three types of subject matter jurisdiction to entertain an action: (1) jurisdiction pursuant to a statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997). The district court "should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings" and is obligated to do so "sua sponte whenever [subject matter jurisdiction] may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).[1] If a district court determines that it lacks subject matter jurisdiction, it "is powerless to continue" and must dismiss the complaint. Id.

Nalls's pro se complaint alleges common law claims of breach of contract and breach of fiduciary duty under Florida law. As Nalls concedes, there is no

---

[1] We review de novo a district court's finding that it lacked subject matter jurisdiction. Hall v. U.S. Dep't of Veterans Affairs, 85 F.3d 532, 533 (11th Cir. 1996).

diversity jurisdiction under § 1332(a) because Nalls and the defendants are all citizens of Florida.

Furthermore, because Nalls's complaint alleges only state law claims, there is no federal question jurisdiction under § 1331. Nalls's contention that federal question jurisdiction exists pursuant to the Seventh Amendment, the Supremacy Clause and Article I, Section 10 of the Constitution is without merit. None of these constitutional provisions confers subject matter jurisdiction in and of themselves and Nalls's complaint does not allege a violation of any of these constitutional provisions. Accordingly, the district court properly dismissed Nalls's complaint for lack of subject matter jurisdiction.[2]

**AFFIRMED.**

---

[2]We lack appellate jurisdiction to review the district court's denial of Nalls's motion for reconsideration because Nalls failed to include that ruling in his notice of appeal or in an amended notice of appeal. See Osterneck v. E.T. Barwick Indus., Inc., 825 F.2d 1521, 1528 (11th Cir. 1987), aff'd, 489 U.S. 169, 109 S. Ct. 987 (1989); Fed. R. App. P. 3(c).