FILED
United States Court of Appeals
Tenth Circuit

October 28, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

R. WAYNE JOHNSON,

       Plaintiff-Appellant,

v.

DEPARTMENT OF VETERANS
AFFAIRS,

       Defendant-Appellee.

No. 09-7054
(D.C. No. 6:08-CV-00430-RAW)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **ANDERSON**, and **EBEL**, Circuit Judges.

---

Plaintiff R. Wayne Johnson appeals the district court's dismissal of his

action based on lack of subject matter jurisdiction and res judicata. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**Background**

Mr. Johnson, a Marine veteran, filed a pro se complaint alleging that Congress violated separation-of-powers principles when it enacted legislation that vests exclusive jurisdiction over veterans benefits decisions in two executive-branch bodies—the regional offices of the Department of Veterans Affairs (VA) and the Board of Veterans' Appeals (BVA).[1]  He also argued that 38 C.F.R. § 3.665, which limits benefits for certain convicted felons, cannot be applied to him constitutionally because it was promulgated after his felony offense, which occurred in 1977.  For relief, he asked the district court to rule that an adverse benefits decision based on the regulation violated not only separation-of-powers principles but the takings and due-process clauses of the Fifth Amendment.  And he requested the district court to order defendant to "pay him his 30% illegally taken in 1983- to date- via VOID statutes—and issue him 3[0]% checks <u>monthly</u>, with interest thereon."  R. at 11.

Noting that Mr. Johnson could have raised his constitutional challenges in an appeal from the jurisdictional dismissal of a previous action challenging the

---

[1]     We note that two of the statutes Mr. Johnson identified as the object of his challenge, 38 U.S.C. §§ 5109A and 7111, concern the standard of review for decisions rendered by the Secretary of Veterans Benefits and the BVA, not the authority of the regional VA offices or the BVA over benefits decisions.  The relevant jurisdictional statutes are discussed below.  Further, the third statute he named, 38 U.S.C. § 5331, is nonexistent; it appears that, as in a prior action, he may have been challenging 38 U.S.C. § 5313, "Limitation on payment of compensation and dependency and indemnity compensation to persons incarcerated for conviction of a felony."

adverse benefits decision, the district court issued a show-cause order regarding res judicata. The court also instructed Mr. Johnson to address the court's lack of subject matter jurisdiction under 38 U.S.C. § 7252(a), which provides that "[t]he Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the [BVA]."

Mr. Johnson and defendant Department of Veterans Affairs (VA) filed responses to the show-cause order. After considering the responses, the district court concluded that it lacked subject matter jurisdiction and that the claims were barred on res judicata grounds. Specifically, the court looked to the substance of the claims, particularly the requested relief, and found that the claims were not a facial constitutional challenge to the statutes and regulation but an attack on a benefits decision cloaked in constitutional terms. The district court explained that under 38 U.S.C. § 7104, Mr. Johnson's only option was to appeal the initial benefits decision of the regional VA office to the BVA, and that under 38 U.S.C. §§ 511 and 7252(a), BVA decisions are not subject to review in the district courts but only in the United States Court of Appeals for Veterans Claims (CAVC), an Article I court, whose decision is only appealable to the United States Court of Appeals for the Federal Circuit under 38 U.S.C. § 7292(c).[2] This exclusive

_____

[2] Section 511 vests authority over benefits decisions in the Secretary of Veterans Benefits and provides for limited review under, *inter alia*, chapter 72 of Title 38, which includes §§ 7252 and 7292. Further review in the United States Supreme Court upon certiorari is available under § 7292(c).

jurisdictional pathway was created by Congress in the Veterans' Judicial Review Act, Pub. L. No. 100-687, 102 Stat. 4105 (1988) (VJRA). The district court also concluded that Mr. Johnson's constitutional claims were barred by res judicata because they could have been raised in his prior suit concerning the adverse benefits decision. This pro se appeal followed. Our review is de novo. *See Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1305 (10th Cir. 2003) (subject matter jurisdiction); *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005) (res judicata).

## Discussion

On appeal, Mr. Johnson first takes issue with the district court's characterization of his claims as challenges to the adverse benefits decision. He contends that instead, he challenges the authority of Congress to pass the jurisdictional statutes confining review to the regional VA offices and the BVA as a violation of the separation of powers. Even giving Mr. Johnson's pro se filings a liberal reading, *see Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007), we agree with the district court's characterization of his claims.

To determine the nature of a claim, courts examine the substance of a plaintiff's allegations, not merely the labels applied to them. *Weaver v. United States*, 98 F.3d 518, 520 (10th Cir. 1996). As noted above, Mr. Johnson asked the district court to order defendants to reinstate the full amount of his benefits without reduction under 38 C.F.R. § 3.665. And in his appellate brief, framed as

a "threshold issue," he argues that the year of his felony offense, 1977, is a "key" fact because, he claims, crimes committed before 1980 do not fall within the benefits-limiting provisions of 38 C.F.R. § 3.665.[3]  Aplt. Br. at 4.  Mr. Johnson's emphasis on this "threshold issue" reinforces the fact that his claims stem from the VA's alleged error in reducing his benefits under the regulation.  Thus, despite being couched as constitutional challenges to statutes and a regulation, the claims function only as a means to contest the adverse benefits decision.  As the district court properly explained, constitutional challenges to a benefits decision are subject to review only through the jurisdictional scheme established in the VJRA described above.  *See Beamon v. Brown*, 125 F.3d 965, 970-72 (6th Cir. 1997); *see also Hall v. U.S. Dep't of Veterans'* [sic] *Affairs*, 85 F.3d 532, 534-35 (11th Cir. 1996) (constitutional challenge to benefit reduction under 38 C.F.R. § 3.665); *cf. Burkins v. United States*, 112 F.3d 444, 447 (10th Cir. 1997) (explaining statutory sequence of appellate review in BVA, CAVC, and Federal Circuit).  While the BVA lacks power to determine constitutional questions

---

[3]     Mr. Johnson apparently bases his argument on § 3.665(c)(1), which mandates a reduction in benefits for "person[s] serving a period of incarceration for a conviction of a felony committed after October 7, 1980."  We note, without expressing an opinion on its applicability here, that the regulation also applies to "a veteran who, on October 7, 1980, was incarcerated . . . for a felony committed before that date, and who remains so incarcerated for a conviction of a felony as of December 27, 2001."  *Id.* § 3.665(c)(3).  Mr. Johnson's filings suggest he committed a felony before October 7, 1980, and that he was incarcerated for it, but provide no indication that he did not remain incarcerated for that felony on the operative dates in § 3.665(c)(3).

regarding veterans benefits, *Johnson v. Robison*, 415 U.S. 361, 368 (1974), Congress has granted such power to the CAVC and the Federal Circuit, *see* 38 U.S.C. § 7261(a)(1) (authorizing CAVC to "decide all relevant questions of law [and] interpret constitutional, statutory, and regulatory provisions"); *id.* § 7292(c)-(d) (vesting exclusive jurisdiction in Federal Circuit to review challenges to validity and constitutionality of statutes and regulations brought in appeal from CAVC decision).

Mr. Johnson appears to be laboring under a misconception that federal district courts have unlimited jurisdiction and that Congress may not erode it by legislation. The law is to the contrary: "Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress." *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994). In the case of veterans benefits decisions, Congress has established the exclusive jurisdictional scheme described above, which authorizes review only in the BVA, the CAVC, the Federal Circuit, and the United States Supreme Court.[4] Furthermore, Mr. Johnson mistakenly places heavy reliance on the following

---

[4]     In *Hall*, the Eleventh Circuit expressed concern whether district courts, in light of the passage of the VJRA in 1988, continue to have jurisdiction over facial challenges to the constitutionality of statutes affecting veterans benefits under *Johnson v. Robison*, 415 U.S. 361 (1974). *See Hall*, 85 F.3d at 534-35. Because we conclude that Mr. Johnson's claims do not present facial challenges to any statutes governing veterans benefits, we need not resolve whether *Johnson v. Robison* remains good law.

principle: "Congress cannot vest review of the decisions of Article III courts in officials of the Executive Branch." *Miller v. French*, 530 U.S. 327, 343 (2000) (discussing *Hayburn's Case*, 2 U.S. (2 Dall) 408 (1792)). This principle has no application here because the VJRA does not place the judgment of any Article III court under executive-branch review.

Having concluded that the district court lacked jurisdiction under the VJRA, we need not address the other basis of the court's disposition, res judicata.

## Conclusion

The judgment of the district court is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge

-7-