[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 17, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-10959
Non-Argument Calendar

_____

D. C. Docket No. 08-00872-CV-J-32-MCR

BRENDA W. DAVIS,

Plaintiff-Appellant,

versus

RYAN OAKS APARTMENT,
d.b.a. WRH Realty,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 17, 2009)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Brenda Davis, proceeding pro se, appeals the district court's sua sponte dismissal of her amended complaint against her landlord, Ryan Oaks Apartment, for lack of subject-matter jurisdiction. Her amended complaint asserted federal jurisdiction under 28 U.S.C. §§ 1391 and 2671 et seq., and she now argues that jurisdiction exists under 42 U.S.C. § 1983. Davis also contends that the court erred in vacating its initial order granting her motion to proceed in forma pauperis.

"The propriety of the district court's dismissal of the complaint for lack of subject matter jurisdiction is a question of law which we review de novo." Hall v. U.S. Dep't Veterans' Affairs, 85 F.3d 532, 533 (11th Cir. 1996). The lack of federal jurisdiction may be raised by a federal court on its own initiative at any stage in the litigation. Arbaugh v. Y&H Corp., 546 U.S. 500, 506, 126 S. Ct. 1235, 1240 (2006). Federal subject-matter jurisdiction is proper only when (1) a plaintiff's claim involves a federal question, or (2) there is diversity among the parties. See 28 U.S.C. §§ 1331, 1332. If the court determines that it lacks subject-matter jurisdiction, it must dismiss the complaint in its entirety. Arbaugh, 546 U.S. at 514, 126 S. Ct. at 1244.

Davis does not allege any "federal question" that would give the district court jurisdiction to decide her complaint. A federal question exists when the plaintiff pleads a "colorable claim 'arising under' the Constitution or laws of the

2

United States." Id. at 513, 126 S. Ct. at 1244. Davis's amended complaint

mentions 28 U.S.C. § 1391, but that provision establishes the rules for proper

venue in federal actions; it does not confer jurisdiction. Her amended complaint

also mentions 28 U.S.C. § 2671 et seq., but that provision concerns the Federal

Tort Claims Act, 28 U.S.C. § 1346, which only provides an avenue for bringing

tort claims against the United States, one of its agencies, or certain federal

employees. See Means v. United States, 176 F.3d 1376, 1379 (11th Cir. 1999).

Davis's amended complaint alleges, among other things, personal injury and

property damage, which are actionable under state tort law. The complaint does

not allege that Ryan Oaks has any connection to the U.S. government or any

federal agency. Thus, her complaint was not proper under the Federal Tort Claims

Act, and it failed to raise questions of federal law. See 28 U.S.C. § 1331.

Davis argues that subject-matter jurisdiction exists under 42 U.S.C. § 1983,

but that argument was not made in her amended complaint. "A case does not arise

under federal law unless a federal question is presented on the face of the

plaintiff's complaint." Kemp v. Int'l Business Machines Corp., 109 F.3d 708, 712

(11th Cir. 1997); see also Hall, 85 F.3d at 533 (when case is dismissed on basis of

complaint, court must look to face of that pleading to determine subject-matter

jurisdiction). Moreover, a new theory raised for the first time on appeal will not be

considered by this Court. Access Now, Inc, v. Southwest Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004). In the interest of completeness, however, we note that a claim under § 1983 requires the defendant to be a "state actor" or to be acting "under color of state law." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). That is not the case here. Davis argues that Ryan Oaks Apartment receives funds from the Department of Housing and Urban Development, but the Supreme Court has held that the mere receipt of federal funds by a private entity is not sufficient to invoke federal jurisdiction under § 1983. United States v. Orleans, 425 U.S. 807, 813–16, 96 S. Ct. 1971, 1975–77 (1976).

Davis's complaint also does not invoke "diversity" jurisdiction, because both Davis and the defendant are "citizens" of Florida. See 28 U.S.C. § 1332(a)(1). Thus, the district court did not err in dismissing Davis's amended complaint sua sponte for lack of subject matter jurisdiction.

We also find no error in the district court's decision to vacate its initial order granting Davis's motion for leave to proceed in forma pauperis. We review such a denial only for abuse of discretion. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 (11th Cir. 2004). The district court did not abuse its discretion because it was authorized, indeed compelled, to dismiss the case once it realized that subject-matter jurisdiction did not exist. See Arbaugh, 546 U.S. at 514, 126 S. Ct.

4

at 1244 ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."); see also 28 U.S.C. § 1915(e)(2) (requiring dismissal "at any time" a district court determines an in forma pauperis case to be frivolous); Sun v. Forrester, 939 F.2d 924 (11th Cir. 1991) (defining a frivolous appeal as one that is "without arguable merit" either factually or legally).

**AFFIRMED.**