**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 23, 2014[*]
Decided January 27, 2014

**Before**

JOEL M. FLAUM, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 12-3491

| | |
|---|---|
| THOMAS KARMATZIS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 11-CV-2222 |
| MICHAEL HAMILTON, et al., *Defendants-Appellees.* | Michael P. McCuskey, *Judge.* |

**O R D E R**

Thomas Karmatzis, an army veteran, appeals the dismissal of his suit against the U.S. Department of Veterans Affairs ("VA") and eleven VA employees, alleging that they violated his constitutional rights by discontinuing his health-care benefits and denying him an opportunity to appeal. The district judge dismissed the complaint for lack of subject-matter jurisdiction and denied Karmatzis's motion to amend. We affirm.

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

In 2009 Karmatzis underwent spinal surgery at a VA hospital and suffered complications that required removal of a portion of his small intestine and resectioning of his colon. He filed a complaint with the VA a year later seeking compensatory benefits because, he asserted, his surgical complications were caused by the VA's negligence. While his claim was pending, the VA discontinued his health-care benefits because he had not served the requisite time in active duty. The VA later also denied his claim for compensatory benefits, a denial that Karmatzis administratively appealed, but that appeal is not part of this case.

Karmatzis sued in federal court, alleging that the VA discontinued his health-care benefits in retaliation for filing a claim for compensation, and denied him an opportunity to appeal the discontinuation. The district judge, on the magistrate judge's recommendation, terminated the case, dismissing the complaint for lack of subject-matter jurisdiction. Challenges to individual veteran's benefits decisions, the district judge explained, are barred under the Veteran's Judicial Review Act, *see* 38 U.S.C. § 511(a).

A week later Karmatzis moved to amend his complaint to clarify that the defendants violated his due-process rights when a VA employee told him that no appeal process was available to him to challenge the discontinuation of benefits. The magistrate judge, apparently unaware that he lacked the parties' consent to rule on a dispositive matter, *see* 28 U.S.C. § 636(c), denied the motion. Echoing the district judge's earlier decision, the magistrate judge concluded that the court lacked subject-matter jurisdiction to review Karmatzis's motion to amend because that motion, like his original complaint, raised not a facial constitutional challenge, but rather a challenge only to the VA's conduct in his particular case, and he would have to pursue his challenge through the VA's appeals process.

Karmatzis appealed, and we remanded the case because of the § 636(c) matter and urged the district judge to review the magistrate judge's ruling and resolve the postjudgment motion to amend the complaint. The district judge in turn accepted the magistrate judge's rationale and denied the motion.

On appeal Kartmatzis challenges the ruling that the district court lacked subject-matter jurisdiction under the VJRA over his claims. He asserts that his complaint raised a facial constitutional challenge by contesting the discontinuation of his benefits and the unavailability of an appeals process.

The VJRA establishes the exclusive review procedure through which veterans may challenge the VA's adjudication of their benefits claims. *See* 38 U.S.C. § 511(a). The circuits unanimously agree that the VJRA divests the federal courts of jurisdiction to review lawsuits challenging individual veteran's benefits decisions. *See id*; *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1025 (9th Cir. 2012); *Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000); *Beamon v. Brown*, 125 F.3d 965, 970–71 (6th Cir. 1997)*; Weaver v. United States*, 98 F.3d 518, 519–20 (10th Cir. 1996); *Hall v. U.S. Dep't of Veterans' Affairs*, 85 F.3d 532, 534 (11th Cir. 1996); *Zuspann v. Brown*, 60 F.3d 1156, 1158–59 (5th Cir. 1995); *Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994); *Hicks v. Veterans Admin.*, 961 F.2d 1367, 1369–70 (8th Cir. 1992). A veteran may not circumvent these jurisdictional limitations by cloaking a benefits claim in constitutional terms. *See Veterans for Common Sense*, 678 F.3d at 1023 (collecting cases).

The district judge here properly concluded that Karmatzis did not make a facial constitutional attack, but instead merely was "challenging the VA's conduct in his particular case." The essence of Karmatzis's complaint is that the VA erroneously discontinued his health-care benefits and should have allowed him an opportunity to appeal the discontinuation. Based on the VA's allegedly erroneous actions, he seeks damages for the "neglect[] and complication[s] due too [sic] the injur[ies] from the surger[ies] and being thrown out without medication and proper medical treatment being set up." He frames his contentions (in his submissions to the district court and his brief on appeal) as due process violations, but federal courts do not acquire jurisdiction to hear challenges to benefits rulings merely because those challenges are couched in constitutional terms. He is complaining about the discontinuation of his benefits, and the VJRA divests courts of jurisdiction over such claims. *See* 38 U.S.C. § 511.

If Karmatzis wished to challenge the benefits decision, he needed to appeal that decision first to the Board of Veteran's Appeals. *See* 38 U.S.C. § 7104(a). But because Karmatzis failed to file an appeal with the Board within one year of the VA's decision to discontinue his benefits, the decision became final and cannot now be appealed. *Id*. § 7105(b)(1), (c). And because Karmatzis's benefits decision cannot be appealed, it would be futile to allow him to amend his complaint. Therefore, the district court also properly denied Karmatzis leave to amend his complaint.

Accordingly, we **AFFIRM** the judgment of the district court.