[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 22-10636

Non-Argument Calendar

————————————

LARRY D. SIMPSON,

Plaintiff-Appellant,

versus

U.S. VETERANS ADMINISTRATION,

Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:21-cv-00313-JB-MU

————————————

Before JORDAN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Larry D. Simpson, proceeding *pro se*, appeals the district court's order dismissing for lack of jurisdiction his complaint filed pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. He alleged that the United States Department of Veterans Affairs violated his rights to due process and equal protection by replacing him as the VA fiduciary of veteran Lee Pace Ocie's benefits. Because the district court lacked jurisdiction to review the VA's benefits determination, we affirm.[1]

We review *de novo* the district court's dismissal of a complaint for lack of subject-matter jurisdiction. *See Hall v. U.S. Dep't of Veterans' Affairs*, 85 F.3d 532, 533 (11th Cir. 1996). The Veterans' Judicial Review Act ("VJRA") reserves to the Secretary the discretion to "decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a). Absent limited enumerated exceptions, such decisions by the Secretary are not subject to judicial review. *See* § 511(a)-(b).

---

[1] The record below is unclear as to the veteran's name, which is some variation of "Lee Paceocie," "Lee Pace Ocie," or "Ocie Lee Pace." Because the district court and the government refer to the veteran as "Mr. Pace," we do too.

We have explained that "any type of substantive benefits decision itself is unquestionably shielded from judicial review by § 511(a)[, and] . . . the VJRA also precludes judicial review of any decision made by the Secretary in the course of making a benefits determination." *Smith v. United States*, 7 F.4th 963, 985 (11th Cir. 2021) (quotation marks and other alterations omitted). Therefore, any determination "by the Secretary as to eligibility, entitlement, or the scope of benefits . . . is a decision by the Secretary under a law that affects the provision of benefits." *Id.* (quotation marks omitted). Additionally, a plaintiff may not circumvent the VJRA's jurisdictional limitations by cloaking a benefits claim in constitutional terms. *Smith*, 7 F.4th at 985-86. *See also Sugrue v. Derwinski*, 26 F.3d 8, 11 (2d Cir. 1994) ("Although Sugrue's complaints invoke provisions of the Fifth Amendment and are styled in part as constitutional actions, the courts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms.").

The VA has broad authority with respect to appointing and managing fiduciaries. *See* 38 U.S.C. § 5502(a)(1). A fiduciary receives and manages VA benefit payments on behalf of a veteran beneficiary. *See* § 13.140. The VA may remove a fiduciary if it "determines that fiduciary services are no longer required for a beneficiary or removal is in the beneficiary's interest." § 13.500(a). A beneficiary may appeal the appointment or removal of a fiduciary to the Board of Veterans' Appeals, and then in turn to the Court of

Veterans Appeals, the Federal Circuit, and the Supreme Court. *See* § 13.600; *Hall*, 85 F.3d at 534.

The district court correctly determined that it lacked subject-matter jurisdiction over Mr. Simpson's appeal. Mr. Simpson argues that the district court erred by failing to address his claims on the merits. But to reach the merits, we must first determine the extent to which § 511(a)'s limitation on judicial review applies to Mr. Simpson's claims.

The first question is whether the Secretary's decision to replace a fiduciary is a benefits determination. Such a decision affects who receives the benefit payments and is responsible for managing those funds to make sure that they are being used to meet the beneficiary's needs. *See* 38 C.F.R. § 13.140(a). The allocation and management of benefits is a "quintessential benefits determination[]." *Smith*, 7 F.4th at 985-86.

Next, we must identify the "question of law and fact" by the Secretary that was "necessary to" this benefits determination. *See* § 511(a). Here, that question was the Secretary's determination that it was in Mr. Pace's best interest that Mr. Simpson be removed, and that another individual be appointed, as Mr. Pace's VA fiduciary. *See* § 5502(a)(1). Accordingly, to the extent that Mr. Simpson alleges that the Secretary's decision to remove him as a VA fiduciary was not in Mr. Pace's best interests, the district court could not review his allegation without second-guessing a discretionary decision by the Secretary necessary to a benefits determination, that is, how to manage the provided benefit. *See Smith*, 7 F.4th at 986

("The VJRA thus serves to prevent judicial second-guessing of decisions made by the Secretary in the course of making a benefits determination.").

Mr. Simpson's framing of his claims as constitutional challenges cannot circumvent § 511(a)'s limits on jurisdiction. *See id.* at 985-86; *Sugrue*, 26 F.3d at 11. Indeed, looking to his complaint, the primary relief sought was reversal of the Secretary's decision and reinstatement of his status as Mr. Pace's VA fiduciary. As the district court pointed out, Mr. Simpson did not allege any specific infirmities in the VA's fiduciary system or identify any statute or regulation that supposedly was unconstitutional. *See* D.E. 11 at 9. Consequently, the true nature of his claims was a direct challenge to the Secretary's benefits determination, which the district court lacked jurisdiction to review. *See* § 511(a).

We also note that Mr. Simpson attached to his complaint a letter from Mr. Pace expressing disagreement with the VA's removal of Mr. Simpson as his fiduciary. But Mr. Pace's disagreement does nothing to manufacture jurisdiction in this case. If Mr. Pace was unsatisfied, he had the ability to appeal the VA's decision himself to the Board and beyond if necessary. *See* 38 C.F.R. § 13.600; *Hall*, 85 F.3d at 534.

Here, the district court did not err in dismissing Mr. Simpson's complaint because it lacked subject-matter jurisdiction under the VJRA. *See* § 511(a). Because the district court was without jurisdiction, it had no power to render a judgment on the merits. *See Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys. Inc.,*

6                    Opinion of the Court                    22-10636

524 F.3d 1229, 1234-35 (11th Cir. 2008).  For the reasons above, we affirm.

**AFFIRMED.**