[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13783

Non-Argument Calendar

_____

PAUL ANDREW JACKSON,

Plaintiff-Appellant,

*versus*

WELLS FARGO BANK, NATIONAL
ASSOCIATIONS,
as Trustee for the Pooling and Servicing
agreement dated as of November 1, 2005,
Securitized Asset Backed Receivables LLC
2005-HE1,
PHH MORTGAGE SERVICE CORPORATION,
Through Merger Ocwen Loan Servicer,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cv-61919-DPG

_____

Before JORDAN, BRANCH, and TJOFLAT, Circuit Judges.

PER CURIAM:

Paul Jackson, proceeding *pro se*, appeals the District Court's order dismissing his *pro se* civil complaint against Wells Fargo Bank, National Association ("Wells Fargo"), Ocwen Loan Servicing, LLC ("Ocwen"), and PHH Mortgage Corporation ("PHH"), alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and 18 U.S.C. § 1011 in connection with a state foreclosure action.  The District Court concluded that Jackson's claims were barred by the *Rooker-Feldman* doctrine, as his claims sought to undo the state court foreclosure judgment.[1]  Jackson argues that his claims were separate from the state foreclosure proceedings because, in the District Court, he alleged claims for

_____

[1] The *Rooker-Feldman* doctrine derives from *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923), and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983).

fraud. He also argues that the foreclosure proceeding was barred by the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020).[2]

We review *de novo* the district court's dismissal of a complaint for lack of subject matter jurisdiction. *Hall v. U.S. Dep't Veterans' Affairs*, 85 F.3d 532, 533 (11th Cir. 1996). We review *de novo* the application of the *Rooker-Feldman* doctrine. *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1069 (11th Cir. 2013).

The *Rooker-Feldman* doctrine bars federal district courts from reviewing state-court decisions because lower federal courts lack subject matter jurisdiction over final state-court judgments. *Behr v. Campbell*, 8 F.4th 1206, 1210 (11th Cir. 2021). The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1274 (11th Cir. 2009) (quotation marks omitted). The doctrine applies not only to federal claims raised in state court, but also to those that are inextricably intertwined with the state court's judgment. *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009).

---

[2] We need not address this claim because Jackson raises it for the first time on appeal. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331–32 (11th Cir. 2004); s*ee also Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1352 (11th Cir. 2011) (refusing to address a theory of liability that was not presented to the district court).

A federal claim is inextricably intertwined with a state-court claim when, in substance, it amounts to a direct appeal of the state-court judgment, even if the appellant does not refer to the proceeding as a direct appeal. *Behr*, 8 F.4th at 1211. A "claim that at its heart challenges the state court decision itself—and not the statute or law which under-lies that decision—falls within the doctrine." *Id.* (quotation marks omitted). Courts must use a claim-by-claim basis, deciding "whether resolution of each individual claim requires review and rejection of a state court judgment." *Id.* at 1213. Claims that seek "relief from the judgment of the state court" rather than damages for constitutional violations are barred. *Id.* at 1214.

Here, the District Court did not err in finding that Jackson's claims were barred by the *Rooker-Feldman* doctrine. While he alleged fraud, his claims challenged the state court's judgment that authorized the foreclosure sale, as he challenged the validity of the documents considered by the state court. As to his RESPA and FDCPA claims, he explicitly noted that the state court rejected those arguments. His 18 U.S.C. § 1011 claim is also barred because its resolution would require review and rejection of the state court's decision that the documents were valid. Further, his only requested relief was an injunction against the state court judgment and notice of foreclosure sale, rather than damages for constitutional violations.

**AFFIRMED.**