[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-13949

Non-Argument Calendar

————————————————

JAMES NATHANIEL DOUSE,

Plaintiff-Appellant,

*versus*

SABRINA TRAEGER,
In her individual capacity,
CANOE CREEK NEIGHBORHOOD ASSOCIATION, INC.,
Canoe Creek Homeowners Association, Inc.
c/o Access Management,
CASTLE MANAGEMENT, LLC,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:22-cv-02098-TPB-JSS

_____

Before WILSON, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

James Douse, proceeding *pro se*, appeals the district court's *sua sponte* order dismissing his Fair Housing Act (FHA) complaint against Sabrina Traeger, Canoe Creek Neighborhood Association, Inc., Canoe Creek Homeowner's Association, Inc., and C/O Access Management (collectively, the defendants),[1] for lack of subject matter jurisdiction. Douse contends the district court had jurisdiction over his action under Federal Rule of Civil Procedure 4(n), and the defendants committed fraud, are intentionally discriminating against him, have retained his property unlawfully, and are excessively increasing his homeowner's association assessments. After review,[2] we affirm the district court.

---

[1] Douse names Castle Management, LLC, as a new party in the caption of his appeal, but Castle Management was not a party to the action in the district court, so Douse may not name them as a party on appeal. *See e.g., Kimberly Regenesis, LLC v. Lee Cnty.*, 64 F.4th 1253, 1262 (11th Cir. 2023) (in the context of standing, holding that parties who did not participate in the district court may not appeal).

[2] We review a district court's *sua sponte* dismissal for lack of subject matter jurisdiction *de novo*. *Hall v. U.S. Dep't Veterans' Affs.*, 85 F.3d 532, 533 (11th Cir. 1996).

Federal courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Federal question jurisdiction exists if the cause of action arises from the Constitution or laws of the United States. 28 U.S.C. § 1331. The threshold question in determining whether a claim presents a federal question jurisdiction is whether the claim "arises under" the Constitution, laws, or treaties of the United States. *See United States v. Blue Cross & Blue Shield of Ala., Inc.*, 156 F.3d 1098, 1102 (11th Cir. 1998).

The FHA provides it is unlawful to "refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604. The Act further prohibits "any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin." *Id.* § 3605. Regarding brokerage services, it is:

> unlawful to deny any person access to or membership or participation in any multiple-listing service, real estate brokers' organization or other service, organization, or facility relating to the business of selling or renting dwellings, or to discriminate against him in the terms or conditions of such access, membership,

> or participation, on account of race, color, religion,
> sex, handicap, familial status, or national origin.

*Id.* § 3606. Finally, the FHA makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by [§§] 3603, 3604, 3605, or 3606." *Id.* § 3617.

The district court did not err when it dismissed Douse's complaint for lack of subject matter jurisdiction. Douse's argument relating to Federal Rule of Civil Procedure 4(n) fails for two reasons. First, he failed to present his Rule 4(n) jurisdiction argument in the district court, so he has waived any such argument on appeal. *See Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994) (stating we will generally not consider issues raised for the first time on appeal that were not presented in the district court). Second, the Federal Rules of Civil Procedure cannot confer jurisdiction on the district court, so Douse cannot rely on Rule 4(n) as a basis for the district court's subject matter jurisdiction over his case. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 n.3 (11th Cir. 1996) ("[T]he Federal Rules of Civil Procedure do not create an independent basis for federal subject matter jurisdiction.").

Reviewing the face of Douse's complaint and assuming all of Douse's allegations are true, Douse failed to allege facts that relate to or establish that the defendants violated the FHA. See *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (explaining

when a case is dismissed based on the complaint, we look to the face of the complaint to determine whether subject matter jurisdiction existed, assuming all the allegations contained in the complaint are true).  The district court did not err when it determined it lacked subject matter jurisdiction over Douse's case because his FHA claims were wholly insubstantial and frivolous.  *See Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (stating even though a claim arises under the Constitution, laws, or treaties of the United States, it may be dismissed for lack of subject matter jurisdiction if "such a claim is wholly insubstantial and frivolous").  As the district court found, Douse's complaint was inadequate and incomprehensible because, although Douse asserted his claims arose under federal law, he failed to include any factual allegations under the FHA count of his complaint.  *See Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1238 (11th Cir. 2002) (stating factual findings concerning subject matter jurisdiction made by the district court are overturned only if clearly erroneous).

Likewise, the factual allegations Douse raised in other portions of his complaint did not encompass conduct prohibited by the FHA because they did not relate to the sale or rental of a dwelling. Even if the district court construed his complaint as related to the sale or rental of a dwelling, Douse's allegations did not state a basis for relief under the FHA because Douse did not allege the $1,000 pool construction deposit or his HOA assessments related to discriminatory conduct by the defendants on the basis of one of the FHA's protected classes.  42 U.S.C. §§ 3604-06; *Barnett*, 283 F.3d at 1238.  Finally, the FHA provisions that Douse cited in his complaint

are irrelevant to his state law contract claims.  *See* 42 U.S.C. §§ 3603-06, 3617.  Thus, even assuming all of Douse's allegations are true, he failed to allege the defendants committed conduct that was prohibited by the FHA, warranting the district court's dismissal for lack of subject matter jurisdiction.  *See Univ. of S. Ala.*, 168 F.3d at 410.

Accordingly, we affirm the district court's *sua sponte* dismissal of Douse's *pro se* civil complaint under the FHA for lack of subject matter jurisdiction.[3]

**AFFIRMED.**[4]

---

[3]Douse raises several issues for the first time on appeal that are not relevant to the outcome of his appeal, including new factual allegations against the defendants, and we do not consider them.  Also, in his reply brief, Douse argues for the first time that, for purposes of alleging an FHA cause of action, he is Black, a disabled Vietnam War veteran, a senior citizen, and a Florida resident.  Of those classes, only his race is relevant to the FHA.  *See* 42 U.S.C. §§ 3603-06.  In any event, this Court does not consider arguments raised for the first time in a reply brief, and he fails to argue that his race played any role in the defendants' conduct.  *See Herring v. Sec., Dept. of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) (stating arguments that are "raised for the first time in a reply brief are not properly before a reviewing court" (quotation marks omitted)).

[4] The defendants' motion to impose sanctions for damages and costs under Federal Rule of Appellate Procedure 38 is DENIED.